Linn A. DUESTERBECK, Norman W. Duesterbeck and Helen A. Duesterbeck, husband and wife, William J. Boyd and Barbara J. Boyd, husband and wife, Norman Saenger, as Trustee of the Norman R. Saenger Trust, Dennis S. Hess and Sharon A. Hess, husband and wife, Otto E. Rettkowski, Scott T. Meyer and Laurie M. Meyer, husband and wife, Michael J. Morano, William A. Schrader, Jr., as Trustee of the William Schrader Trust, George F. Havlicek, Jr. and Arlene J. Havlicek, husband and wife, and George K. Steil, Sr. and Mavis A. Steil, husband and wife, Plaintiffs-Respondents-Cross-Appellants,

v.

TOWN OF KOSHKONONG, Defendant-Appellant-Cross-Respondent.

Court of Appeals

*No. 98–3048. Submitted on briefs September 10, 1999.—Decided December 2, 1999.*

## 2000 WI App 6

(Also reported in 605 N.W.2d 904.)

On behalf of the defendant-appellant-cross-respondent, the cause was submitted on the briefs of *Patrick J. Hudec* and *Gabrielle Boehm* of *Hudec Law Offices, S.C.* of East Troy.

On behalf of the plaintiffs-respondents-cross-appellants, the cause was submitted on the briefs of *Michael E. Grubb* and *Stephen M. Compton* of *Brennan, Steil, Basting & MacDougall, S.C.* of Janesville.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

¶ 1. ROGGENSACK, J. Property owners objected to the taxes assessed against their real property for 1993 and 1994.[1] They based their claims on three theories: (1) a violation of the uniformity of assessment requirement of Article VIII, § 1 of the Wisconsin Constitution, (2) assessment of unlawful taxes, pursuant to § 74.35, STATS., 1993–94,[2] and (3) excessive assessments, pursuant to § 74.37, STATS. The circuit court found merit only with regard to their 1993 claims under the uniformity clause, for which it ordered a refund of the excessive taxes.

¶ 2. However, we conclude: (1) the rule of uniform taxation was violated for both 1993 and 1994 and the plaintiffs who filed statutory objections to their 1993 assessments may recover for both years; (2) the circuit court properly exercised its discretion in ordering a tax refund as a remedy; (3) those plaintiffs who filed statutory objections in 1993 are entitled to statutory costs; and (4) those plaintiffs who did not file an objection with the board of review may not maintain any claim against the Town based on the valuations of their property. Therefore, we affirm the circuit court in part; reverse it in part; and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 3. The respondents-cross-appellants own residential property on Blackhawk Bluff Drive in the Town of Koshkonong (hereinafter the Blackhawk Bluff Properties). In 1992, all of the properties in the Town

---

[1] Plaintiffs' also contended that their 1995 taxes were excessive, but they have not pursued relief for that contention on appeal, so we do not address it.

[2] All statutory references are to the 1993–94 statutes, unless otherwise noted.

were appraised because the equalized value of the Town's property was less than ninety percent of its full value.[3] Phyllis Westenberg was hired by the Town to conduct the appraisals. Subsequent to Westenberg's completion of the appraisals and the 1992 tax assessment, Mike Procknow, of the Department of Revenue, spoke with Westenberg and suggested that the Blackhawk Bluff Properties continued to be underassessed because several Blackhawk Bluff Properties had been sold for amounts significantly in excess of their 1992 appraisals.

¶ 4. Based in part on Westenberg's conversation with Procknow and in part on four properties on Blackhawk Bluff that had sold for more than their 1992 appraisals, and without contacting any of the owners or inspecting any of the Blackhawk Bluff Properties, the Town increased the value of these properties by $692,700 for 1993. Other residential properties in the Town had also sold for amounts significantly in excess of the values at which they were valued in 1992; however, the Town did not increase the values of residential properties in other areas of the Town.

¶ 5. In 1994, the Town retained Phillip Joseph Wilcox to do "maintenance" assessment work.[4] He did not change Westenberg's appraised values for the

---

[3] Section 70.05(5), STATS., requires that property shall be assessed at its full value at least once in every four-year period. It also requires that the Department of Revenue notify taxation districts when property within their districts is not within ten percent of its full value. The Town was responding to a notice from the Department when it directed that all of the property be reassessed for 1992.

[4] A maintenance assessment adds new construction and parcel splits to the tax rolls and removes whatever property has been destroyed.

Blackhawk Bluff Properties. He also did not change the valuations of other residential properties in the Town, by employing the same method Westenberg used to value the Blackhawk Bluff Properties for 1993.

¶ 6. Linn, Norman and Helen Duesterbeck, William and Barbara Boyd, Dennis and Sharon Hess, Scott and Laurie Meyer, William Schrader, Jr., and George and Arlene Havlicek (hereinafter collectively referred to as the Duesterbeck Owners) filed § 70.47(7), STATS., objections to their 1993 assessments, thereby evoking a hearing before the board of review for that year's assessments; however, they filed no § 70.47(7) objections for their 1994 assessments, which assessments were based on the same valuations as their 1993 assessments. The Saenger Trust, Otto Rettkowski, Michael Morano and George and Mavis Steil (hereinafter collectively referred to as the Saenger Trust Owners) did not file § 70.47(7) objections to their assessments for either 1993 or 1994.

¶ 7. All of the owners of the Blackhawk Bluff Properties filed a collective § 893.80, STATS., notice of claim for the excessive taxes they claim to have paid due to improper assessments for 1993. None of them filed a notice of claim for the taxes they claim were excessive for 1994. However, the Blackhawk Bluff Property Owners did file this action in Jefferson County Circuit Court on July 22, 1994. They sought relief from the excessive taxes they claim to have paid for 1993 and "subsequent assessments" under three theories: (1) a violation of the uniformity of assessment requirement of Article VIII, § 1 of the Wisconsin Constitution,[5] (2) assessment of unlawful taxes, pursuant

---

[5] Article VIII, § 1 of the Wisconsin Constitution states in relevant part:

The rule of taxation shall be uniform . . . .

to § 74.35, STATS.,[6] and (3) excessive assessments, pursuant to § 74.37, STATS.[7]

¶ 8. After discovery, both the Blackhawk Bluff Property Owners and the Town moved for summary judgment. The circuit court concluded that none of the assessments resulted in unlawful taxes of the type prohibited by § 74.35, STATS., and it dismissed those claims. It also concluded that as to the 1994 taxes, the owners had provided no evidence of "*Levine*[8] bases," or other improper valuation method, to the board, which evidence was necessary to a statutory finding of excessive taxes. Therefore, it dismissed the claims relative

---

[6] Section 74.35, STATS., states in relevant part:

(1) DEFINITIONS. In this section "unlawful tax" means a general property tax with respect to which one or more errors specified in s. 74.33(1)(a) to (f) were made. "Unlawful tax" does not include a tax in respect to which the alleged defect is solely that the assessor placed a valuation on the property that is excessive.

[7] Section 74.37, STATS., a claim on excessive assessment, states in relevant part:

(1) DEFINITION. In this section, a "claim for an excessive assessment" or an "action for an excessive assessment" means a claim or action, respectively, by an aggrieved person to recover that amount of general property tax imposed because the assessment of property was excessive.

. . .

(4) CONDITIONS. (a) No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under s. 70.47, except under s. 70.47(13), have been complied with. This paragraph does not apply if notice under s. 70.365 was not given.

[8] The court was referring to *State ex rel. Levine v. Board of Review*, 191 Wis. 2d 363, 528 N.W.2d 424 (1995) (court held unconstitutional an assessment method whereby an assessor used a different standard to value older residential properties than he used to value newer ones).

to the 1994 taxes, as well. However, it concluded that the uniformity clause had been violated by the manner in which Westenberg assigned values to the Blackhawk Bluff Properties for 1993. The court cited, as examples of the unlawful method of assessment, Westenberg's reliance on equalization valuation, the limited and selective inquiry she made of the Blackhawk Bluff Properties and her preconceived belief that those properties were underassessed and then applying an across-the-board increase to them, contrary to the approach used for other residential property within the Town. As a remedy, the court ordered reassessment only for 1993. However, when the reassessment was completed, the owners objected to it. The circuit court sustained their objection and awarded $19,145 in tax refunds for 1993, together with interest on that amount. The Town appealed and the owners cross-appealed the dismissal of their claims under § 74.35, the denial of a refund for 1994 and the denial of costs.

## DISCUSSION

### Standard of Review.

¶ 9. It is well established that this court applies the same summary judgment methodology as the circuit court. *See Smith v. Dodgeville Mut. Ins. Co.*, 212 Wis. 2d 226, 232, 568 N.W.2d 31, 34 (Ct. App. 1997). We first examine the complaint to determine whether it states a claim, and then we review the answer to determine whether it joins a material issue of fact or law. *See id.* If we conclude that the complaint and answer are sufficient to join issue, we examine the moving party's affidavits to determine whether they establish a *prima facie* case for summary judgment.

*See id.* at 233, 568 N.W.2d at 34. If they do, we look to the opposing party's affidavits to determine whether there are any material facts in dispute which entitle the opposing party to a trial. *See id.* Here, both parties have moved for summary judgment and neither contends that a material fact is in dispute. We accept this as a stipulation of the facts and their materiality to deciding this controversy. *See Powalka v. State Mut. Life Assurance Co.*, 53 Wis. 2d 513, 518, 192 N.W.2d 852, 854 (1972).

¶ 10. This case also presents questions of statutory and constitutional interpretation, both of which we review *de novo. See Duello v. Board of Regents*, 220 Wis. 2d 554, 560, 583 N.W.2d 863, 866 (Ct. App. 1998); *see also State v. Borhegyi*, 222 Wis. 2d 506, 508, 588 N.W.2d 89, 91 (Ct. App. 1998), *review denied*, 224 Wis. 2d 265, 590 N.W.2d 490 (1999).

**Filing Statutory Objections.**

¶ 11. The Town argues that § 70.47(7), STATS., requires a property owner to file an objection with the board of review as a condition precedent to bringing any suit that seeks to change the valuation assigned to a property. Section 70.47(7) states in relevant part:

> No person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board . . . .

¶ 12. In this appeal, there are two classes of owners in regard to this issue: those who did not file a statutory objection to their 1993 assessments (the

Saenger Trust Owners) and those who did (the Dues-
terbeck Owners).

### 1. *The Saenger Trust Owners.*

¶ 13. The Town argues that those who did not file
an objection to their 1993 assessments may not bring a
claim under the uniformity clause because *Hermann v.
Town of Delavan,* 215 Wis. 2d 370, 572 N.W.2d 855
(1998), has decided this question against them. We
agree with the Town.

¶ 14. In *Hermann,* the supreme court addressed
whether chs. 70 and 74 created exclusive procedures
for a taxpayer to employ in challenging the value of real
property assessed for the purpose of taxation, regard-
less of whether the gravamen of the claim was a
statutory violation or the contravention of the uniform-
ity clause of Article VIII, § 1 of the Wisconsin
Constitution. There, it was argued that filing an objec-
tion with the board of review was a condition precedent
to filing a claim of overassessment grounded in the
uniformity clause. The court reviewed the ways in
which the legislature had constructed the review and
appeals procedures in chs. 70 and 74, particularly
§ 70.47(7), STATS., and it concluded that the statutory
mandate of filing an objection with the board applied to
all theories upon which a taxpayer's claim was based.
*See Hermann,* 215 Wis. 2d at 382, 572 N.W.2d at 859.
Therefore, a taxpayer who claimed a violation of the
uniformity clause was not exempt from complying with
the provisions of § 70.47(7).

¶ 15. The parties agree that if *Hermann* applies
to the claims of the Saenger Trust Owners, the circuit
court must be reversed in regard to its decision to per-
mit their claims based on an alleged uniformity clause
violation. Counsel for the Saenger Trust Owners urges

us not to apply *Hermann* to their claims, which pertain to 1993 and 1994 taxes, because *Hermann* was not decided until 1998. However, counsel cites no authority to us which would permit that result.

¶ 16. Generally, decisions are presumed to apply to the parties before the court and to all subsequent cases, even when those cases involve claims that relate to incidents that occurred prior to the release of that decision. *See Burlington N., Inc. v. City of Superior*, 149 Wis. 2d 190, 196, 441 N.W.2d 234, 237 (Ct. App. 1989), *aff'd*, 159 Wis. 2d 434, 464 N.W.2d 643 (1991). Although there is a judicial exception to this rule which limits the effect of a newly-announced decision, the conditions necessary to employ that exception have not been argued to us nor do they appear to apply.[9] Therefore, we conclude that *Hermann* must be applied to their claims and that doing so bars them because a statutorily sufficient objection was not filed in regard to the assessed values of their properties. Accordingly, as to the claims of the Saenger Trust Owners, we reverse the judgment of the circuit court and remand for the dismissal of all their claims.[10]

---

[9] As we have explained:

> Retroactive operation has been sometimes denied where there has been great reliance on an overruled decision by a substantial number of persons and considerable harm or detriment could result to them. It has also been denied where the purpose of the new ruling cannot be served by retroactivity, and where retroactivity would tend to thrust an excessive burden on the administration of justice.

*Burlington N., Inc. v. City of Superior*, 149 Wis. 2d 190, 197, 441 N.W.2d 234, 237–38 (Ct. App. 1989) (quoting *Harmann v. Hadley*, 128 Wis. 2d 371, 379–80, 382 N.W.2d 673, 676–77 (1986)).

[10] While there may be some very limited circumstances where filing an objection with the board of review is not

### 2. *The Duesterbeck Owners.*

¶ 17. The Town also contends that the Duesterbeck Owners have not taken the procedural steps required to make a claim based on their 1994 assessments because they did not object to those assessments according to the provisions of § 70.47(7), STATS., and they did not file notices of claim pursuant to § 893.80, STATS.

### a. *The § 70.47(7), Stats., Objections.*

¶ 18. The Duesterbeck Owners contend that the Town had notice of their objections to the values assigned to their properties in 1994, because they had objected to the board of review for the same values in 1993 and they had brought this court action in which they asked that the "1993 and subsequent assessments made by the Town of Koshkonong and the Assessor be declared void and illegal." The Town contends that each year creates a separate obligation for the property owners and therefore, we should not examine what the property owners did in 1993, even though their assessed valuations did not change.[11]

---

required when the tax is objected to as "illegal," such as where the property is exempt from taxation (*see Hermann v. Town of Delavan*, 215 Wis. 2d 370, 378, 572 N.W.2d 855, 857–58 (1998); *see also Pelican Amusement Co., Inc. v. Town of Pelican*, 13 Wis. 2d 585, 594, 109 N.W.2d 82, 87 (1961)), these property owners essentially question the valuation assigned to their properties and were therefore required to file an objection with the board. *See Hermann*, 215 Wis. 2d at 382, 572 N.W.2d at 859.

[11] The valuations of the Meyer and the Havlicek properties were reduced a small amount, but they were not reduced to their 1992 levels, which is what all of the Blackhawk Bluff Property Owners had requested.

¶ 19. We are not persuaded by the Town's reasoning. First, we note that there are circumstances where an owner is not required to file a § 70.47(7), STATS., objection, *e.g.*, when a town fails to give notice where notice is required under § 70.365, STATS. *See Marina Fontana v. Village of Fontana-on-Geneva Lake*, 69 Wis. 2d 736, 743, 233 N.W.2d 349, 352 (1975), *aff'd*, 111 Wis. 2d 295, 330 N.W.2d 211 (1983).[12] Additionally, we note that the statutes place a different obligation on a town for notice to a property owner when the assessed value of an owner's property does not change more than the *de minimis* amount set forth in the statute. Therefore, we conclude that that differing obligation creates a different burden for certain property owners as well. *See* § 70.365.

¶ 20. In *Marina Fontana*, the village failed to give notice that the property owner's assessed valuation had increased more than the statutorily established *de minimis* amount from the previous year's valuation. When the owner filed suit to seek a reduction, the village objected because the owner had not filed a statutory objection with the board of review. The supreme court reasoned that the obligation to give notice consistent with the terms of § 70.365, STATS., is a condition precedent to the requirement that a property owner comply with the procedures of § 70.47(7), STATS., before commencing suit to recover illegal or excessive taxes.

___

[12] The version of § 70.365, STATS., interpreted in *Marina Fontana v. Village of Fontana-on-Geneva Lake*, 69 Wis. 2d 736, 742, 233 N.W.2d 349, 352 (1975), is substantially the same as the version which applies to this case, except that the dollar amount of the increased assessment has been changed.

> We conclude that the failure of the village to give the plaintiffs notice of reassessment as required by sec. 70.365, Stats., effectively waived the plaintiffs' obligation to proceed under the board of review requirements of sec. 70.47(7)(a). We believe that to hold otherwise would give no effect or meaning to the notice requirement of sec. 70.365.

*Marina Fontana*, 69 Wis. 2d at 743, 233 N.W.2d at 352. In so concluding, the supreme court pointed out the direct link between an owner's obligation to object under § 70.47(7) and a village's obligation to give notice under § 70.365.

¶ 21. Furthermore, a town is not always required to send a notice of reassessment. For example, when the assessed value of a property does not increase above the *de minimis* amount stated in the statute, a town is not required to send notice to the landowner, under the provisions of § 70.365, STATS., which provides in relevant part:

> When the assessor places a valuation of any taxable real property . . . which is $300 or more higher than the valuation placed on it for the previous year, the assessor shall notify the person assessed . . . .

¶ 22. A property owner who objects to the valuation placed on his property by the assessor has a limited period of time during which an objection can be made. *See* § 70.47(7)(a) and 70.47(16), STATS. When a valuation does not change from the year previous, the owner would have either objected to it previously, if he believed it was incorrect, or he would have acquiesced to it, if he did not dispute it. Therefore, § 70.365, STATS., which requires notice be sent only when the increase in value is greater than the *de minimis* amount stated in the statute, relieves towns from sending notices which

are unnecessary because the parties have already made their respective positions known to one another. Accordingly, notice that a town is required to give under § 70.365 and a property owner's objection to the board of review work together, to bring to the attention of both the property owner and the town, each side's respective position about the property's valuation. This procedure assures that if there is a disagreement between a town and a property owner about valuation, it will be promptly resolved, if prompt resolution is possible.

¶ 23. Therefore, because the sending of notice[13] and the filing of an objection are closely linked in the legislative scheme, we conclude that a landowner, who has already objected to the board about the valuation set in the year immediately previous, should have an obligation to object which is no greater than that which a town would have to send a notice, when the valuation of his property has not increased above the *de minimis* amount. Accordingly, we conclude that such a property owner is relieved from filing yet another objection, prior to commencing an action. Therefore, the Duesterbeck Owners' claims relative to the taxes they paid for 1994 are not procedurally barred.

### b. The § 893.80, Stats., Notice of Claim.

¶ 24. The Town contends the Duesterbeck Owners are not entitled to seek relief for their 1994 tax assessments because they did not file a notice of claim

---

[13] The record does not reflect whether the Town sent the property owners notices of assessment for 1994.

for 1994 taxes.[14] Section 893.80, STATS., provides that a notice of claim be given by either formal service of the requisite notice or by actual notice. If actual notice is the mode, the claimant must show to the circuit court that the failure to give formal notice has not been prejudicial to the town. *See Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 597, 530 N.W.2d 16, 21 (Ct. App. 1995).

¶ 25. Here, the Duesterbeck Owners have alleged actual notice of their claim for refunds of the allegedly excessive taxes they paid for 1994. The Town does not contend that it did not receive actual notice, nor does it argue that it was prejudiced by the form of notice. Additionally, in its brief before the circuit court, the Town states, "Plaintiffs brought three causes of action against the Town, each were for the years 1993 and subsequent years, including 1994 and 1995." Therefore, on the record before us, we conclude that the Town had actual notice of the Duesterbeck Owners' claims in regard to the 1994 taxes and that the form of the notice was not prejudicial to the Town. Accordingly, these claims are not barred by § 893.80, STATS.

**The Uniformity Claims.**

¶ 26. The circuit court concluded that the method employed by Westenberg to complete the 1993 valuation of the Blackhawk Bluff Properties violated the rule of uniformity as set forth in Article VIII, § 1 of the Wisconsin Constitution, but that the owners had provided no proof that Wilcox had used an improper methodology for the 1994 valuations. The Town con-

---

[14] As noted earlier, an actual notice of claim was filed for the 1993 alleged overages in payment.

tends that the circuit court substituted its judgment for that of the assessors. The Duesterbeck Owners agree with the circuit court's analysis for the 1993 valuations; however, they contend that because Wilcox neither adjusted valuations for the remainder of the residential property in the Town using the method Westenberg employed for the Blackhawk Bluff Properties, nor adjusted the Blackhawk Bluff Properties using the method employed for the remainder of the residential property in the Town, the unconstitutional valuations continued into 1994. Essentially, they contend there was no change in the method employed in 1994, as compared with that employed in 1993 because Wilcox did nothing to correct the erroneous method employed by Westenberg. We agree with the Duesterbeck Owners, in all respects.

¶ 27. The rule of uniformity of taxation is embodied in Article VIII, § 1 of the Wisconsin Constitution. It requires that the method of taxation of real property must be applied uniformly across a class of property. *See State ex rel. Hensel v. Town of Wilson*, 55 Wis. 2d 101, 106, 197 N.W.2d 794, 796 (1972). "The fundamental equity of the entire real estate property tax system is based on the fairness of the assessment procedures, both as to the evaluation and the subsequent assessment." *Id.* at 109, 197 N.W.2d at 797. Additionally, § 70.32(1), STATS.,[15] was enacted to ensure assessors would use a uniform method of taxation, as it requires

---

[15] Section 70.32, STATS., states in relevant part:

**Real estate, how valued. (1)** Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual provided under s. 73.03(2a) from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale.

assessment based on real estate's fair market value, using the most reliable information that the assessor can practicably obtain. *See Flood v. Village of Lomira Bd. of Review*, 149 Wis. 2d 220, 226, 440 N.W.2d 575, 577 (Ct. App. 1989), *aff'd*, 153 Wis. 2d 428, 451 N.W.2d 422 (1990); *see also* PROPERTY ASSESSMENT MANUAL FOR WIS. ASSESSORS, Part I at 18:11 (1987). If the requirements of § 70.32(1) are applied by the method used on all properties in a class, uniform taxation will result. *See Flood*, 149 Wis. 2d at 228, 226 N.W.2d at 578.

¶ 28. The rule of uniform taxation was recently discussed in *State ex rel. Levine v. Board of Review*, 191 Wis. 2d 363, 528 N.W.2d 424 (1995). There, the supreme court concluded that the rule of uniform taxation had been violated by an assessor who used a different standard to value older residential properties than he used to value newer residential properties. He valued older properties at less than their current sales prices because he believed the purchasers were overpaying, while he valued newer properties based on their actual sales prices. In so doing, he used an arbitrary and improper method which violated § 70.32(1), STATS., and the rule of uniform taxation. *See Levine*, 191 Wis. 2d at 374, 528 N.W.2d at 428. In further reasoning based on the guaranty of uniform taxation, the court stated that the taxpayers were not required to prove that their property would not sell for its assessed valuation. Rather, it was sufficient to show, that relative to other properties in the same class, the taxpayer's property had been allocated more than its fair share of the tax burden because properties owned by others were underassessed. *See id.* at 376–77, 528 N.W.2d at 429.

¶ 29. In support of their motion for summary judgment, the Blackhawk Bluff Property Owners submitted the affidavit of Linn Duesterbeck, a licensed real estate appraiser with extensive experience. His affidavit focused directly on the methodology that Westenberg and Wilcox used for their respective 1993 and 1994 valuations. His affidavit is uncontradicted in all respects material to the claim that the Blackhawk Bluff Properties were assessed in a manner inconsistent with that used for other residential property in the town. He avers: (1) there are other lake front properties within the Town and in close proximity to the Blackhawk Bluff Properties that are comparable, yet their assessed valuations were not raised in 1993 over what they had been in 1992; (2) in both 1993 and 1994, the Blackhawk Bluff Properties were assessed at a substantially greater percentage of their fair market values than were other residential properties in the Town, while prior to 1993, the assessed values for the Blackhawk Bluff Properties and other residential properties in the Town were comparable percentages of their fair market values; (3) Westenberg used a few recent sales on Blackhawk Bluff to give an across-the-board increase to all Blackhawk Bluff Properties for 1993, but neither assessor increased the assessments of other residential properties in 1993 or 1994, when immediately adjacent residential properties sold for prices substantially in excess of their values on the tax rolls; (4) the total increase in value in 1993, from that assigned for the year previous for all the Blackhawk Bluff Properties, was $692,700; and (5) Wilcox's final report for 1994 states that the total increase in value for all of the property in the Town, from that assigned in 1993, was only $53,700. These undisputed material

34

facts cause us to conclude that the Town applied a different method, when valuing the Blackhawk Bluff Properties, than it applied to other lakefront residential properties and to other residential properties in the town in 1993. In so doing, the Town violated the rule of uniform taxation. Furthermore, because the relative value of the Blackhawk Bluff Properties to the total value of the properties in the Town did not change appreciably in 1994 from what it had been in 1993, and because Wilcox, who did only maintenance work in 1994, did not apply Westenberg's valuation method to other residential property in the Town for 1994, we conclude that the 1994 valuations were also the result of the discriminatory appraisal practices used by Westenberg in 1993. Therefore, we agree with the reasoning of the circuit court in regard to the Duesterbeck Owners for 1993, and we conclude that the Town's 1994 valuations violated the rule against uniform taxation as well.[16]

## Circuit Court's Remedy.

¶ 30. The Town also contends that the circuit court did not have the authority to order a refund of the 1993 taxes paid by the Blackhawk Bluff Property Owners which were in excess of those which would have been due if their 1992 valuations had been used to calculate their 1993 taxes. It cites *Marina Fontana* and *Levine* in support of its contention. However, we conclude that neither case supports the Town's position.

---

[16] Because of our resolution of the uniformity clause claims of these property owners, we do not reach their claims of unlawful taxes under § 74.35, STATS., or their claims of excessive taxes under § 74.37, STATS.

¶ 31. In *Marina Fontana*, where the plaintiff claimed an excessive increase in the valuation of its property caused excessive taxation, the court concluded that the remedy for plaintiff's claim was to be left to the discretion of the circuit court. *See Marina Fontana*, 69 Wis. 2d at 745, 233 N.W.2d at 353. And in *Levine*, where the supreme court concluded that the rule of uniform taxation had been violated by the values assigned to the plaintiff's property, the court noted the difficulty in going back several years in time and in attempting to reassess all the real property in the district; therefore, it ordered the same remedy chosen by the Jefferson County Circuit Court in this case. *See Levine*, 191 Wis. 2d at 377–78, 528 N.W.2d at 430. Therefore, we conclude that the circuit court did not erroneously exercise its discretion when it ordered a refund of the portion of the taxes which it concluded violated the rule of uniform taxation for the Duesterbeck Owners.

¶ 32. Because our decision increases the potential recovery of taxes by the Duesterbeck Owners and reduces the recovery of taxes by the Saenger Trust Owners, we remand to the circuit court to exercise its discretion in regard to the Duesterbeck Owners' remedy for 1994, according to the record already made in the circuit court, and we also remand to permit the circuit court to vacate that portion of the refund of 1993 taxes which applied to the Saenger Trust Owners.

**Costs.**

■

¶ 33. The Blackhawk Bluff Property Owners also contend the circuit court erred when it did not award them statutory costs. Section 814.01, STATS., 1997–98,

provides as follows: "Except as otherwise provided in this chapter, costs shall be allowed of course to the plaintiff upon a recovery." The statute is a mandatory directive that statutory costs be awarded to the successful party, except in certain circumstances not present here. *See DeGroff v. Schmude*, 71 Wis. 2d 554, 568, 238 N.W.2d 730, 737 (1976).

¶ 34. Here, the Duesterbeck Owners are successful parties and they are entitled to statutory costs. However, because our decision with regard to the claims of the Saenger Trust Owners reversed the circuit court, they are not entitled to costs. Therefore, we remand to the circuit court to issue an order establishing the appropriate costs in light of our decision.

## CONCLUSION

¶ 35. We conclude the rule of uniform taxation was violated for both 1993 and 1994 and that the Duesterbeck Owners are entitled to relief for both years; that the circuit court properly exercised its discretion in ordering a tax refund as a remedy; and that the Duesterbeck Owners are entitled to statutory costs. We also conclude that the Saenger Trust Owners may not maintain any claim against the Town based on the valuations of their property. Therefore, we affirm the circuit court in part; reverse it in part; and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.