James Reese and Kenneth Reese, Plaintiffs-Respondents,

v.

City of Pewaukee, Defendant-Appellant.

Court of Appeals

*No. 01–0850. Oral argument January 15, 2002.—Decided February 20, 2002.*

2002 WI App 67

(Also reported in 642 N.W.2d 596.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *H. Stanley Riffle* and *Julie A. Aquavia* of *Arenz, Molter, Macy & Riffle, S.C.*, Waukesha. There was oral argument by *H. Stanley Riffle*.

.On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Douglas R. Stern* of *Stern & Ramthun, LLP*, Milwaukee. There was oral argument by *Douglas R. Stern*.

Before Nettesheim, P.J., Anderson and Snyder, JJ.

¶ 1. ANDERSON, J. The City of Pewaukee (City) appeals from a circuit court order remanding a contested real property assessment to the City of Pewaukee Board of Review. James and Kenneth Reese, the owners of the parcel in question, argue that their failure to receive a statutory notice of reassessment exempted them from proceeding before the board of review and from the time limits of Wis. Stat. § 74.37(3) (1999–2000),[1] and thereby allowed the initiation of this action. Although we agree with the Reeses that they are not required to first proceed before the board of review, we agree with the City that the requirements of § 74.37 render this action untimely. We therefore reverse the order of the circuit court and remand.

## Background

¶ 2. James and Kenneth Reese are the owners of real property located in the City of Pewaukee. In October 1999, their property was reassessed at a substantially higher value than the previous year, resulting in a correspondingly higher property tax liability. The mailing address for the parcel in question had changed in 1997 and, although the City had notice of the change as early as February 1998, the city assessor mailed the notice of reassessment to the Reeses' old address in Waukesha. Due in part to differences between city and

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

county computer databases of ownership and address information, the 1999 notice of reassessment was sent to the incorrect Waukesha address while the Reeses' 1998 and 1999 notices of personal property assessment and 1998 real property tax bill were sent to the correct address in Pewaukee. The Reeses did not receive actual notice of the reassessment until mid- to late December 1999 when their real property tax bill arrived at the correct Pewaukee address. The tax was paid "under protest" on December 28, 1999.

¶ 3.  On March 31, 2000, the Reeses filed a notice of claim with the City of Pewaukee, challenging the reassessment and demanding a reduction of their 1999 taxes. In the complaint filed August 2, 2000, the Reeses alleged that their failure to receive the 1999 notice of reassessment deprived them of their statutory right to contest the reassessment. The circuit court, citing considerations of due process stemming from the lack of notice, ordered that the case be remitted to the City of Pewaukee Board of Review for hearing and review. The City argues on appeal that the Reeses did not exhaust their administrative remedies before the board of review, that this claim and action were untimely filed, and that the circuit court did not have the authority to remand to the board of review.

## Discussion

¶ 4 **A. Standard of Review**. The relevant facts in this case are not in dispute. The application of a statute to undisputed facts is a question of law which we review de novo. *Tobler v. Door County*, 158 Wis. 2d 19, 21, 461 N.W.2d 775 (1990).

¶ 5 **B. The Statutory Scheme**. In 1987, the Wisconsin legislature undertook a wholesale recodifica-

tion of the property tax system and introduced significant procedural and substantive changes to the property tax laws. *See* Legislative Council Prefatory Notes, 1987 WIS. ACT 378. WISCONSIN STAT. chs. 70 and 74 contain a comprehensive scheme for the assessment and collection of property taxes. *Hermann v. Town of Delavan,* 215 Wis. 2d 370, 379, 572 N.W.2d 855 (1998). Chapter 70 sets out the procedures for assessment of property and adjustment of the assessment. *Hermann,* 215 Wis. 2d at 379. Property is assessed as of January 1 of every year, and if a taxpayer's property is assessed at a different value than the year before, he or she is notified of that change. WIS. STAT. §§ 70.10, 70.365. The notice to the taxpayer informs him or her of the opportunity to object to the changed assessment before the board of review. Sec. 70.365.

¶ 6.   If the taxpayer is not satisfied by the board of review's determination, he or she may appeal by an action for certiorari to the circuit court, a complaint to the department of revenue, or a claim against the taxation district. WIS. STAT. §§ 70.47(13), 70.85, 74.37. Compliance with the board of review procedures is a prerequisite to all three forms of appeal and the three sections are the exclusive method for challenging an excessive assessment. *Hermann,* 215 Wis. 2d at 381–82. However, while the statutes do require the exhaustion of administrative remedies, they also leave the taxpayer one last option in case the taxation district does not wholly comply with its own administrative procedures and the taxpayer fails to receive notice of a changed assessment and the objection procedures. Even though WIS. STAT. § 70.365 explicitly states that "failure to receive the notice shall not affect the validity of the changed assessment, the resulting changed tax, [or] the

procedures of the board of review," § 74.37(4) allows a claim to be brought against the taxation district without first complying with board of review procedures, but only when notice under § 70.365 was not given. Section 74.37(2)(b) sets out other requirements for the claim against the taxation district, most notably subd. 5, which states that the claim must be filed by "January 31 of the year in which the tax based upon the contested assessment is payable."

¶ 7 **C. Analysis.** The City asserts that it followed standard procedures when it mailed the Reeses' notice of changed assessment. While it is undisputed that the City procedures generally comply with the statutory notice procedures of WIS. STAT. § 70.365, it is also undisputed that the notice was in fact sent to an old address and that the Reeses never received it. Since evidence that a letter was mailed creates only a rebuttable presumption of receipt, and the Reeses have denied receipt without evidence to the contrary by the City, we hold that the Reeses did not receive notice under § 70.365. *See State ex rel Flores v. State*, 183 Wis. 2d 587, 612–13, 516 N.W.2d 362 (1994). However, the Reeses did receive notice of the changed assessment through their property tax bill, which they received in December 1999. The tax was payable by January 31, 2000, and was paid one month early, on December 28, 1999. *See* WIS. STAT. § 74.11.

¶ 8. The Reeses were not required to proceed before the board of review because one of the "circumstances where an owner is not required to file a § 70.47(7), STATS., objection [is] when a town fails to give notice where notice is required under § 70.365, STATS." *Duesterbeck v. Town of Koshkonong*, 2000 WI

App 6, ¶ 19, 232 Wis. 2d 16, 605 N.W.2d 904. That exception is also codified by WIS. STAT. § 74.37(4)(a). The question that remains is what, if any, procedures were the Reeses required to follow to bring this claim of excessive assessment.

¶ 9.  WISCONSIN STAT. § 74.37(2)(b)5 states that a claim for excessive assessment must be filed by January 31 of the year in which the tax is due. The Reeses contend that their failure to receive notice under WIS. STAT. § 70.365 should relieve them of compliance with the time limits of § 74.37. Section 74.37 reads, in relevant part:

**Claim on excessive assessment** . . . .

(2) CLAIM. (a) A claim for an excessive assessment may be filed against the taxation district, or the county that has a county assessor system, which collected the tax.

(b) A claim filed under this section shall meet all of the following conditions:

. . . .

5. Be served on the clerk of the taxation district, or the clerk of the county that has a county assessor system, in the manner prescribed in s. 801.11(4) by January 31 of the year in which the tax based upon the contested assessment is payable.

. . . .

(4) CONDITIONS. (a) No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under s. 70.47, except under s. 70.47(13), have been complied with. This paragraph does not apply if notice under s. 70.365 was not given.

367

¶ 10. The Reeses argue that requiring them to comply with the time limits of WIS. STAT. § 74.37 when the City has not complied with WIS. STAT. § 70.365 would "produce an untoward result." However, we are not convinced of the merits of that argument in this case. First, a plain reading of § 74.37(4)(a) does not support the Reeses' position. It states only that *"[t]his paragraph* does not apply if notice under s. 70.365 was not given." Sec. 74.37(4)(a) (emphasis added). This language unambiguously references only "this paragraph," not the whole section or another paragraph. As a matter of law then, only the obligation to proceed before the board of review does not apply if notice under § 70.365 was not given. This interpretation is consistent with the plain meaning of the statute.

¶ 11. Second, the Reeses' argument hints at a broader due process problem and public policy considerations. We conclude, however, that no such problems exist in this case. The Reeses did actually receive notice of the changed assessment when they received their property tax bill in December 1999. They did in fact pay their taxes on December 28, 1999. The legislature knows and intends the effects of the statutes it creates, and when the legislature embarked on the wholesale recodification of the property tax laws, it did so with an eye toward streamlining the process and making the statutes reflect substantive changes in the law. *See* Legislative Council Prefatory Notes, 1987 WIS. ACT 378. As a matter of practical public policy:

> A statutory plan of tax assessment, tax levying, and tax collection needs to have established procedures and time limits for effective governmental planning. The administrative procedures, appellate process, and time limitations of chs. 70 and 74 serve as procedural

safeguards against municipalities having to undertake comprehensive reassessments long after the books have been closed for a given tax year.

*Hermann*, 215 Wis. 2d at 392–93.

¶ 12.   The procedure designed by the legislature allows for the mailing of tax bills in December and the payment of those taxes by the following January 31. That procedure also contemplates that any objections to assessments will be brought before the board of review or filed with the taxation district by January 31 (the same day that the taxes are due). Furthermore, WIS. STAT. § 74.37(4)(a) specifically addresses the situation where the taxpayer does not receive notice as required under WIS. STAT. § 70.365, and still requires the taxpayer to file his or her claim by January 31. The legislature had knowledge of both when tax bills are sent and when they are due. Combining that knowledge with the explicit recognition of a potential failure of notice in § 74.37(4)(a), we must conclude that the legislature found the days between receipt of the tax bill and the due date of the taxes sufficient for notice to the taxpayer of the procedures for appeal of the assessment.

## Conclusion

¶ 13.   According to the plain meaning of the language in WIS. STAT. chs. 70 and 74, the Reeses were exempt from the obligation to proceed before the board of review because they never received notice of the changed assessment under WIS. STAT. § 70.365. However, they were required to follow the procedures set forth in WIS. STAT. § 74.37(2), regardless of the fact that they never received notice under § 70.365. Because their claim against the City was not filed until March 31, 2000, that claim and this action must be dismissed

as untimely. We therefore need not review the authority of the circuit court to remand the case to the City of Pewaukee Board of Review. On remand, the circuit court shall dismiss the Reeses' complaint.

*By the Court.*—Order reversed and cause remanded with directions.