NORTHBROOK WISCONSIN, LLC,
Plaintiff-Appellant,†

v.

CITY OF NIAGARA, Wisconsin,
Defendant-Respondent.

Court of Appeals

*No. 2013AP1322. Submitted on briefs December 3, 2013.
—Decided January 14, 2014.*

2014 WI App 22

(Also reported in 843 N.W.2d 851.)

† Petition for Review denied May 22, 2014.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Sherry D. Coley* of *Godfrey & Kahn, S.C.*, Green Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Richard W. Zalewski* and *Elizabeth D. Reeths* of *Zalewski, Klinner & Kramer LLP*, Wausau.

Before Hoover, P.J., Mangerson and Stark, JJ.

¶ 1. STARK, J. Northbrook Wisconsin, LLC, appeals an order dismissing its complaint for excessive assessment against the City of Niagara, Wisconsin. The circuit court concluded dismissal was warranted because Northbrook did not object to the assessment before the City's Board of Review prior to filing its excessive assessment claim, as required by WIS. STAT. § 74.37(4)(a).[1] Northbrook argues it was not required to file an objection before the Board of Review because the City never provided Northbrook with a notice of assessment, pursuant to WIS. STAT. § 70.365. Northbrook also contends due process precludes dismissal of its claims. Finally, Northbrook argues the circuit court improperly considered facts outside the complaint and failed to

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

construe the complaint in Northbrook's favor. We reject these arguments and affirm.

## BACKGROUND

¶ 2. Northbrook sued the City on July 12, 2012, asserting the City's 2011 assessment of Northbrook's property was excessive. The complaint alleged the following facts, which we accept as true for purposes of this appeal.

¶ 3. Northbrook owns a hydroelectric plant located in the City. In June 2010, Northbrook received a notice of assessment indicating the property would be assessed at $15,930,700 for the year 2010. Northbrook engaged in a series of discussions with the assessor, and as a result, the 2010 assessment was reduced to $10,300,000.

¶ 4. "In 2011, Northbrook did not receive a Notice of Assessment because the value of the Subject Property remained $10,300,000.00. Because the 2011 assessment did not change from the 2010 assessment, the Assessor was not required to send a Notice of Assessment to Northbrook per Wis. Stat. § 70.365." The first time Northbrook received notice of the 2011 assessment was when it received its 2011 tax bill. Northbrook "was not able to object or appeal the 2011 assessment to the Board of Review because it did not receive a Notice of Assessment."

¶ 5. Based on the opinion of an appraiser, Northbrook believed the assessed value of its property should not exceed $5,732,604. Northbrook therefore paid the first installment of its 2011 property taxes under protest and filed a claim for excessive assessment against the City, pursuant to Wis. Stat. § 74.37. The City disallowed Northbrook's claim.

661

¶ 6. Northbrook then filed the instant lawsuit, seeking a refund of $136,424.37 in property taxes for the year 2011, plus interest. Northbrook also asked the circuit court to declare that the property's assessed value was $5,732,604. Finally, Northbrook sought a permanent injunction precluding the City from increasing the property's assessed value "unless all comparable properties are uniformly increased."

¶ 7. The City moved to dismiss Northbrook's complaint. The City argued Northbrook was required under WIS. STAT. § 74.37(4)(a) to challenge the 2011 assessment before the Board of Review prior to filing an excessive assessment claim. Northbrook responded it was not required to object before the Board of Review because the City did not send it a notice of assessment, pursuant to WIS. STAT. § 70.365. In reply, the City asserted under that statute it was not required to send Northbrook a notice of assessment because the assessed value of Northbrook's property did not change between 2010 and 2011.

¶ 8. The circuit court agreed with the City. The court concluded the City was not required to send Northbrook a notice of assessment in 2011, and, consequently, the City's failure to send a notice of assessment did not exempt Northbrook from objecting before the Board of Review. The court dismissed Northbrook's claims, and Northbrook now appeals.

## DISCUSSION

¶ 9. We independently review a circuit court's dismissal of a complaint for failure to state a claim. *Larson v. Burmaster*, 2006 WI App 142, ¶ 17, 295 Wis. 2d 333, 720 N.W.2d 134. A motion to dismiss for

failure to state a claim tests the legal sufficiency of the complaint. *Id.* A complaint should not be dismissed for failure to state a claim unless it is clear the plaintiff cannot recover under any circumstances. *Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 610–11, 535 N.W.2d 81 (Ct. App. 1995). We accept the facts alleged in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor, *id.* at 610, but legal conclusions and unreasonable inferences need not be accepted as true, *Larson*, 295 Wis. 2d 333, ¶ 17.

¶ 10. The circuit court concluded Northbrook's complaint failed to state a claim because Northbrook did not challenge the 2011 assessment before the Board of Review prior to filing its excessive assessment claim, as required by WIS. STAT. § 74.37(4)(a). Northbrook argues the circuit court erred for three reasons: (1) Northbrook was not required to object before the Board of Review because the City failed to send Northbrook a notice of assessment; (2) due process precludes dismissal of Northbrook's claims; and (3) the circuit court improperly considered facts outside the complaint and failed to construe the complaint in Northbrook's favor. We address these arguments in turn.

## I. Failure to object before the Board of Review

■

¶ 11. To determine whether Northbrook was required to object to the 2011 assessment before the Board of Review, we must interpret WIS. STAT. §§ 70.365 and 74.37(4)(a). Statutory interpretation presents a question of law that we review independently. *Spiegelberg v. State*, 2006 WI 75, ¶ 8, 291 Wis. 2d 601, 717 N.W.2d 641.

¶ 12. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. Our analysis begins with the language of the statute. *Id.*, ¶ 45. We give statutory language its common, ordinary, and accepted meaning, and we interpret it "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶¶ 45–46. " 'If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.' " *Id.*, ¶ 46 (quoting another source). However, if the statute is ambiguous—that is, subject to more than one reasonable interpretation—we resort to extrinsic sources, such as legislative history, to ascertain the legislature's intent. *See id.*, ¶¶ 47, 50–51.

¶ 13. Chapters 70 and 74 of the Wisconsin Statutes set forth the exclusive procedures for challenging real property tax assessments. *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 382, 572 N.W.2d 855 (1998). WISCONSIN STAT. § 70.47 describes the procedure for objecting to an assessment before a taxing authority's Board of Review. WISCONSIN STAT. § 74.37 describes the procedure for filing an excessive assessment claim against a taxation district.

¶ 14. Subject to a limited exception, a taxpayer is required to object to an assessment before the taxing authority's Board of Review as a prerequisite to filing an excessive assessment claim. WISCONSIN STAT. § 74.37(4)(a) states:

No claim or action for an excessive assessment may be brought under this section unless the procedures for objecting to assessments under s. 70.47 [i.e., objecting before the Board of Review] . . . have been complied with. This paragraph does not apply if notice under s. 70.365 was not given.

The statute clearly and unambiguously requires a taxpayer to challenge an assessment before the Board of Review prior to filing an excessive assessment claim, unless the taxing authority failed to give the taxpayer "notice under s. 70.365." WIS. STAT. § 74.37(4)(a). Northbrook's complaint concedes Northbrook failed to object to the 2011 assessment before the City's Board of Review. However, it also alleges Northbrook did not receive a notice of assessment under WIS. STAT. § 70.365 in 2011. Northbrook therefore argues it was not required to challenge the 2011 assessment before the Board of Review as a prerequisite to filing its excessive assessment claim.

¶ 15. We disagree. This court has held that an objection before the Board of Review is unnecessary "when a [taxing authority] fails to give notice *where notice is required* under [WIS. STAT. §] 70.365." *Duesterbeck v. Town of Koshkonong*, 2000 WI App 6, ¶ 19, 232 Wis. 2d 16, 605 N.W.2d 904 (emphasis added); *see also Reese v. City of Pewaukee*, 2002 WI App 67, ¶ 8, 252 Wis. 2d 361, 642 N.W.2d 596 (noting that *Duesterbeck*'s holding is "codified by" § 74.37(4)(a)). Accordingly, the exception to the rule that a taxpayer must object to an assessment before the Board of Review prior to filing an excessive assessment claim applies only when the taxing authority failed to provide the taxpayer with a *required* notice of assessment. In other words, if no notice of assessment was required under § 70.365,

665

failure to provide a notice does not relieve the taxpayer of its obligation to object before the Board of Review.

¶ 16. Northbrook suggests that *Marina Fontana v. Village of Fontana-on-Geneva Lake*, 69 Wis. 2d 736, 233 N.W.2d 349 (1975), and *Reese*, 252 Wis. 2d 361, stand for the proposition that a taxpayer may avoid Board of Review proceedings whenever a taxing authority fails to send a notice of assessment, regardless of whether the notice was required. Northbrook is mistaken. In both *Marina Fontana* and *Reese*, the taxing authority was required to send a notice of assessment because the assessed value of the taxpayer's property had increased substantially. *See Marina Fontana*, 69 Wis. 2d at 738; *Reese*, 252 Wis. 2d 361, ¶ 2. In each case, the taxpayer was allowed to bypass the Board of Review because the taxing authority failed to send a required notice. *See Marina Fontana*, 69 Wis. 2d at 743; *Reese*, 252 Wis. 2d 361, ¶ 8. Neither *Marina Fontana* nor *Reese* supports Northbrook's argument that a taxpayer can bypass the Board of Review when the taxing authority failed to send a notice of assessment that was not required under WIS. STAT. § 70.365.

¶ 17. The operative question is therefore whether the City was required to send Northbrook a notice of assessment in 2011. Northbrook's complaint concedes the City was "not required to send a Notice of Assessment to Northbrook per WIS. STAT. § 70.365." Although Northbrook suggests on appeal that a notice of assessment *was* required, the plain language of § 70.365 demonstrates that is not the case.

¶ 18. WISCONSIN STAT. § 70.365 states, in relevant part:

> **Notice of changed assessment.** When the assessor assesses any taxable real property, or any improve-

ments taxed as personal property under s. 77.84 (1), and *arrives at a different total than the assessment of it for the previous year,* the assessor shall notify the person assessed if the address of the person is known to the assessor, otherwise the occupant of the property.

(Emphasis added.) Section 70.365 clearly and unambiguously requires a notice of assessment to be sent only when a property's assessed value differs from the previous year's assessment.[2] In both 2010 and 2011, the assessed value of Northbrook's property was $10,300,000. As a result, the City was not required to send Northbrook a notice of assessment in 2011.

¶ 19. Because a notice of assessment was not required, the narrow exception to the rule that a taxpayer must challenge an assessment before the Board of Review prior to filing an excessive assessment claim does not apply. Northbrook was therefore required to challenge the 2011 assessment before the Board of Review as a prerequisite to filing its excessive assessment claim. Because Northbrook failed to do so, the circuit court properly granted the City's motion to dismiss.

## II. Due process

¶ 20. Northbrook next argues due process warrants reversal "and waiver of the statutory requirement

---

[2] We also observe that WIS. STAT. § 70.365 is titled, "**Notice of *changed* assessment.**" (Emphasis added.) While the title is not part of a statute, it may be used to assist in understanding the statute's meaning. *Richards v. Badger Mut. Ins. Co.,* 2008 WI 52, ¶ 30, 309 Wis. 2d 541, 749 N.W.2d 581. The title of § 70.365 supports our conclusion that the statute requires a notice of assessment to be sent only when a property's assessed value has changed.

that Northbrook object before the Board of Review."
(Some capitalization omitted.) However, Northbrook
failed to develop a due process argument in the circuit
court. Arguments raised for the first time on appeal are
generally deemed forfeited. *See State v. Van Camp*, 213
Wis. 2d 131, 144, 569 N.W.2d 577 (1997). We could reject
Northbrook's due process argument on this basis alone.

¶ 21. In any event, Northbrook's due process ar-
gument fails on the merits. Due process claims raise
questions of law that we review independently. *City of
S. Milwaukee v. Kester*, 2013 WI App 50, ¶ 13, 347
Wis. 2d 334, 830 N.W.2d 710. The fundamental require-
ments of procedural due process are notice and an
opportunity to be heard. *Id.*

¶ 22. Because the City failed to send a notice of
assessment in 2011, Northbrook argues it did not
receive notice of its property's assessed value in time to
object before the Board of Review. Northbrook there-
fore contends it has been deprived of both notice and an
opportunity to be heard. However, we have already
determined the City was not required to send North-
brook a notice of assessment in 2011 because the
assessed value of Northbrook's property remained un-
changed from 2010. *See supra,* ¶¶ 17–18. Northbrook's
complaint conceded a notice of assessment was not
required. The City complied with Wis. Stat. § 70.365,
and Northbrook does not develop any argument that
§ 70.365 is unconstitutional because it requires a notice
of assessment only when a property's assessed value has
changed.[3]

--------

[3] In addition, if Northbrook intended to argue that Wis.
Stat. § 70.365 was unconstitutional, it would have had to notify
the attorney general. *See* Wis. Stat. § 806.04(11). There is no

¶ 23. Moreover, by providing that a notice of assessment is required only when a property's assessed value has changed, Wis. Stat. § 70.365 permits a taxpayer who does not receive a notice of assessment to assume its property's assessed value will be the same as it was the year before. *See Duesterbeck*, 232 Wis. 2d 16, ¶ 22. Section 70.365's notice requirement and a property owner's obligation to object before the board of review work together "to bring to the attention of both the property owner and the town, each side's respective position about the property's valuation." *Duesterbeck*, 232 Wis. 2d 16, ¶ 22.

> When a valuation does not change from the year previous, the owner would have either objected to it previously, if he believed it was incorrect, or he would have acquiesced to it, if he did not dispute it. Therefore, [Wis. Stat. § 70.365], which requires notice be sent only when the increase in value is greater than the de minimis amount stated in the statute,[4] relieves towns from sending notices which are unnecessary because the parties have already made their respective positions known to one another.

*Id.* Thus, although we accept as true Northbrook's allegation that it did not have actual notice of the 2011 assessment until it received its 2011 tax bill, North-

---

evidence in the record that Northbrook notified the attorney general of a constitutional challenge to § 70.365.

[4] *Duesterbeck v. Town of Koshkonong*, 2000 WI App 6, ¶ 1 n.2, 232 Wis. 2d 16, 605 N.W.2d 904, applied the 1993–94 version of Wis. Stat. § 70.365. That version of the statute required a notice of assessment to be sent when a property's assessed value increased by $300 or more. *See Duesterbeck*, 232 Wis. 2d 16, ¶ 21. As noted above, the current version of the statute requires a notice of assessment to be sent when the assessor "arrives at a different total than the assessment of [the property] for the previous year." Wis. Stat. § 70.365.

brook *should have known,* based on its failure to receive a notice of assessment, that the 2011 assessment would be unchanged from 2010.[5]

¶ 24. Further, if Northbrook was uncertain about the property's assessed value, it should have checked the assessment roll. Once an assessment roll is completed, Wis. Stat. § 70.45 requires the taxing authority to publish a Class 1 notice informing taxpayers of the time the assessment roll will be open for examination. The assessment roll is made available in time for taxpayers to object before the Board of Review. *See* Wis. Stat. §§ 70.45, 70.47(3)(aL). Had Northbrook checked the assessment roll, it would have learned its property's assessed value was the same as in 2010. We therefore reject Northbrook's argument that it was deprived of notice of the property's assessed value.

¶ 25. In addition, Northbrook was not deprived of an opportunity to be heard. Northbrook acceded to an assessed value of $10,300,000 in 2010. If Northbrook wanted to challenge the same assessed value in 2011, it was required to make its position known to the City by objecting before the Board of Review. *See Duesterbeck,* 232 Wis. 2d 16, ¶ 22. Had Northbrook done so, the

---

[5] On appeal, Northbrook makes much of the fact that the 2010 assessment was reduced to $10,300,000 following an "informal negotiation" with the assessor. Northbrook argues "the informal negotiation in 2010 did not provide Northbrook with a reasonable basis to know what its assessment would be in 2011." We reject Northbrook's contention. Northbrook's complaint concedes the assessed value of its property was $10,300,000 in 2010. Whether that figure was reached following informal discussions with the assessor or formal Board of Review proceedings is irrelevant. Northbrook knew its property was assessed at $10,300,000 in 2010, and, after it failed to receive a notice of assessment in 2011, it *should have known* the assessed value for 2011 would be unchanged.

parties' disagreement about the property's assessed value might have been promptly resolved, pursuant to the procedures set forth in Wis. Stat. § 70.47. *See Duesterbeck*, 232 Wis. 2d 16, ¶ 22. That Northbrook failed to avail itself of the opportunity to object before the Board of Review does not mean its right to due process was violated.

¶ 26. Northbrook argues *Estate of Wolff v. Town Board*, 156 Wis. 2d 588, 457 N.W.2d 510 (Ct. App. 1990), requires us to conclude that the City's failure to provide a notice of assessment violated Northbrook's right to due process. However, *Wolff* is not on point. In *Wolff*, a taxpayer appealed a special assessment in the circuit court seventy-six days after the Town of Weston published its notice of levy. *Id.* at 591. The circuit court dismissed the appeal as untimely because Wis. Stat. § 66.62(2) and an ordinance enacted pursuant to that statute required the appeal to be filed within forty days. *Wolff*, 156 Wis. 2d at 591. We reversed, concluding the notice of levy violated the taxpayer's right to due process. *Id.* at 595–97. We explained that the notice did not specify whether the special assessment was made pursuant to Wis. Stat. § 66.62 and the municipal ordinance, which set forth a forty-day time limit for appeal, or Wis. Stat. § 66.60, which set forth a ninety-day time limit. *Wolff*, 156 Wis. 2d at 593–94. Because the notice generally complied with the requirements of § 66.60, a taxpayer could have reasonably believed he or she had ninety days to appeal. *Wolff*, 156 Wis. 2d at 595. We concluded, "A notice must be sufficient to enable the recipient to determine what he [or she] must do to prevent the deprivation of his [or her] interest." *Id.* at 596.

671

¶ 27. The taxpayer's right to due process was violated in *Wolff* because the notice provided by the taxing authority was so confusing that, even if a taxpayer had been familiar with the various procedural requirements for appealing the special assessment, it would have been unable to determine which time limit for filing an appeal applied. *Id.* at 595–96. In contrast, the statutes relevant to this case clearly and unambiguously provide that: (1) a taxpayer must challenge an assessment in front of the Board of Review before filing an excessive assessment claim, unless the taxing authority failed to provide a notice of assessment under circumstances where notice was required; and (2) a notice of assessment is required only when the property's assessed value has changed. Wis. Stat. §§ 70.365, 74.37(4)(a). After reading these statutes, it should have been clear to Northbrook that: (1) because it did not receive a notice of assessment, its property's assessed value for 2011 would be unchanged from 2010; and (2) if Northbrook wanted to challenge the 2011 assessment, it needed to object before the Board of Review. Northbrook nevertheless failed to object to the 2011 assessment. As a result, the circuit court properly dismissed Northbrook's excessive assessment claim. Reversal of the circuit court's decision on due process grounds is not warranted.

## III. Application of incorrect standard for motion to dismiss

¶ 28. Lastly, Northbrook argues the circuit court applied an incorrect standard when deciding the City's motion to dismiss because it considered facts outside the complaint and failed to construe the allegations in

the complaint in Northbrook's favor. However, we independently review a circuit court's decision on a motion to dismiss. *Larson*, 295 Wis. 2d 333, ¶ 17. Whether the circuit court applied an incorrect legal standard is therefore irrelevant to our analysis. *See State ex rel. Beidler v. Zoning Bd. of Appeals*, 167 Wis. 2d 308, 310, 481 N.W.2d 669 (Ct. App. 1992) (when our review is de novo, we need not determine whether the legal standard used by circuit court was improper). We have independently concluded Northbrook's complaint failed to state a claim.

¶ 29. Further, we reject Northbrook's assertion that the circuit court used the wrong standard. Northbrook chiefly complains that, contrary to the facts pled in the complaint, the court assumed Northbrook had notice of the 2011 assessment. Although the court did state that Northbrook "had notice of [its] tax assessment by not getting a notice of assessment prior to the Board of Review," the court's decision was not based on that conclusion. Instead, the court interpreted the relevant statutes and concluded the City was not required to send Northbrook a notice of assessment because the assessed value of Northbrook's property did not change. Because a notice of assessment was not required, the court determined the City's failure to send Northbrook a notice of assessment did not exempt Northbrook from objecting before the Board of Review. Whether Northbrook actually had notice of the 2011 assessment was ultimately irrelevant to the court's decision.[6]

_____

[6] In its reply brief, Northbrook also argues the circuit court "overlooked" certain facts alleged in the complaint, for instance: (1) that Northbrook objected to the 2010 assessment; (2) that the 2010 assessment was reduced to $10,300,000 as a result of "informal[] negotiat[ions]" with the assessor; (3) that

*By the Court.*—Order affirmed.

Northbrook timely paid its 2011 taxes under protest; and (4) that Northbrook timely filed an excessive assessment claim against the City. What Northbrook overlooks is that these facts were irrelevant to the circuit court's analysis and are irrelevant to our analysis on our independent review. These facts have no bearing on the necessity of first pursuing relief before the Board of Review.