# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2011AP2608 |
| COMPLETE TITLE: | Michael D. Phillips, Perry A. Petta and Walkers Point Marble Arcade, Inc., |
| |        Plaintiffs-Appellants-Petitioners, |
| |     v. |
| | Daniel G. Parmelee and Aquila Group, LLC, |
| |        Defendants, |
| | American Family Mutual Insurance Company, |
| |        Intervening Defendant-Respondent. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 345 Wis. 2d 714, 826 N.W.2d 686
(Ct. App. 2012 – Published)
PDC No.: 2013 WI App 5

| | |
|---|---|
| OPINION FILED: | December 27, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | October 23, 2013 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Milwaukee |
|   JUDGE: | Timothy M. Witkowiak |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | PROSSER, J., did not participate. |

ATTORNEYS:

For the plaintiffs-appellants-petitioners, there were briefs by *Christopher L. Strohbehn*, *Jason D. Luczak*, and *Gimbel, Reilly, Guerin & Brown LLP*, Milwaukee, and oral argument by *Christopher L. Strohbehn*.

For the intervening defendant-respondent, there was a brief by *Wayne M. Yankala* and *Mingo & Yankala, S.C.*, Milwaukee, and oral argument by *Mark Mingo*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2011AP2608
(L.C. No.  2010CV19544)

STATE OF WISCONSIN      :      IN SUPREME COURT

**Michael D. Phillips, Perry A. Petta and Walkers Point Marble Arcade, Inc.,**

      **Plaintiffs-Appellants-Petitioners,**

  **v.**

**Daniel G. Parmelee and Aquila Group, LLC,**

      **Defendants,**

**American Family Mutual Insurance Company,**

      **Intervening Defendant-Respondent.**

**FILED**

**DEC 27, 2013**

Diane M. Fremgen
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals.  *Affirmed*.

¶1   SHIRLEY S. ABRAHAMSON, C.J.   This is a review of a published decision of the court of appeals affirming an order of the circuit court for Milwaukee County, Timothy M. Witkowiak, Judge.[1]   The circuit court granted American Family Mutual Insurance Company's motion to intervene and to bifurcate the

---

[1] Phillips v. Parmelee, 2013 WI App 5, 345 Wis. 2d 714, 826 N.W.2d 686.

proceedings on insurance coverage issues from proceedings on liability and damages. The circuit court then granted intervenor American Family's motion for declaratory and summary judgment. The circuit court held that American Family had no duty to defend or indemnify Daniel G. Parmelee or Aquila Group, LLC, referred to collectively as the defendant-sellers, with respect to claims asserted by Michael D. Phillips, Perry A. Petta and Walkers Point Marble Arcade, Inc., referred to collectively as the plaintiff-buyers of the defendant-sellers' real estate.[2]

¶2 The circuit court held that the asbestos exclusion in the American Family policy precluded coverage.

¶3 The court of appeals affirmed the order of the circuit court in favor of American Family, stating that the policy precludes coverage.

¶4 We affirm the decision of the court of appeals.

¶5 In the circuit court and court of appeals proceedings, American Family argued that there was no initial grant of coverage under the policy. The issue of coverage is not before us. The only issue presented is whether the asbestos exclusion in the American Family Business Owners policy issued to the defendant-sellers precludes coverage for the losses that the plaintiff-buyers claim.

---

[2] Aquila Group purchased the building in April 2006. Parmelee is the sole member of Aquila Group, a Wisconsin Limited Liability Company. In September 2006, Aquila Group sold the property to Walkers Point. Petta and Phillips own Walkers Point.

I

¶6 The essential facts for purposes of this review are undisputed.

¶7 Prior to purchasing an apartment building, Aquila Group had the building inspected. The inspection report indicated that the building's heating supply ducts likely contained asbestos. Aquila Group obtained a Business Owners policy from American Family, insuring the building. Aquila Group listed the property for sale.

¶8 In preparation for the sale of the building, Parmelee completed and signed a Real Estate Condition Report. The Report contained a statement that the defendant-sellers were not "aware of the presence of asbestos or asbestos-containing materials on the premises."

¶9 After the plaintiff-buyers purchased the building, their contractor cut through asbestos-wrapped ducts, dispersing asbestos throughout the building. The plaintiff-buyers initiated an action against the defendant-sellers, claiming breach of contract/warranty, violation of Wis. Stat. §§ 895.446 and 943.20, and negligence in failing to adequately disclose defective conditions including asbestos. The plaintiff-buyers claim that the dispersal of asbestos rendered the building uninhabitable, that the tenants were ordered to vacate, that the plaintiff-buyers could not continue to finance the property, and that the building was lost in foreclosure.

II

¶10 This case requires us to interpret the American Family insurance policy.

¶11 The interpretation of an insurance policy is a question of law that this court decides independently of the circuit court or court of appeals, but benefiting from their analysis. Bethke v. Auto-Owners Insurance Co., 2013 WI 16, ¶17, 345 Wis. 2d 533, 825 N.W.2d 482; Wadzinski v. Auto-Owners Ins. Co., 2012 WI 75, ¶10, 342 Wis. 2d 311, 818 N.W.2d 819.

¶12 Our goal in interpreting an insurance policy is to give effect to the intent of the parties.[3] The intent of the parties to an insurance policy is presumed to be expressed in the language of the policy.[4] We interpret the policy's language according to its plain and ordinary meaning, as understood by a reasonable person in the position of the insured.[5]

¶13 When determining whether an insurance policy provides coverage, we look first to the initial grant of coverage.[6] If there is an initial grant of coverage, we then evaluate whether

---

[3] Hirschhorn v. Auto-Owners Ins. Co., 2012 WI 20, ¶22, 338 Wis. 2d 761, 809 N.W.2d 529; Estate of Sustache v. Am. Family Mut. Ins. Co., 2008 WI 87, ¶19, 311 Wis. 2d 548, 751 N.W.2d 845.

[4] Wadzinski v. Auto-Owners Ins. Co., 2012 WI 75, ¶11, 342 Wis. 2d 311, 818 N.W.2d 819.

[5] Hirschhorn, 338 Wis. 2d 761, ¶22; Estate of Sustache, 311 Wis. 2d 548, ¶19.

See also 1 Arnold P. Anderson, Wisconsin Insurance Law § 1.27 (6th ed. 2013) ("The standard is what a reasonable person or lay person would understand the insurance policy to state.").

[6] Schinner v. Gundrum, 2013 WI 71, ¶37, 349 Wis. 2d 529, 833 N.W.2d 685.

4

the policy's exclusions preclude coverage.[7] Finally, if coverage has been withdrawn by an exclusion, we then examine whether an exception to that exclusion reinstates coverage.[8]

¶14 The instant case does not involve the question of the initial grant of coverage. Our review is focused only on interpreting the asbestos exclusion to determine whether it precludes coverage. No other exclusion is before us. No exceptions to the asbestos exclusion are involved.

¶15 A reasonable insured is presumed to understand that an exclusion in a policy limits coverage.[9] If the effect of an exclusion is uncertain, it will be construed in favor of coverage. Day v. Allstate Indemnity Co., 2011 WI 24, ¶29, 332 Wis. 2d 571, 798 N.W.2d 199. Language in an insurance policy is narrowly construed against the insurer "if it is susceptible to more than one reasonable interpretation." Folkman v. Quamme, 2003 WI 116, ¶13, 264 Wis. 2d 617, 665 N.W.2d 857. The rule of narrow construction of an exclusion against the insurer, however, "is not applicable if the policy is unambiguous." Whirlpool Corp. v. Ziebert, 197 Wis. 2d 144, 152, 539 N.W.2d 883 (1995).

¶16 We review a grant of summary judgment de novo, using the same methodology as the circuit court. Estate of Sustache

---

[7] Schinner, 349 Wis. 2d 529, ¶37.

[8] Id.

[9] Bulen v. West Bend Mut. Ins. Co., 125 Wis. 2d 259, 263, 371 N.W.2d 392 (Ct. App. 1985).

v. Am. Family Mut. Ins. Co., 2008 WI 87, ¶17, 311 Wis. 2d 548, 751 N.W.2d 845. Summary judgment is proper when the record demonstrates that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2); Estate of Sustache, 311 Wis. 2d 548, ¶17.

III

¶17 In the present review, we are asked to determine whether the asbestos exclusion clause in American Family's insurance policy precludes coverage for the claims made by the plaintiff-buyers.

¶18 The asbestos exclusion provisions read as follows:

This insurance does not apply to . . . "property damage" . . . with respect to:

a. Any loss arising out of, resulting from, caused by, or contributed to in whole or in part by asbestos, exposure to asbestos, or the use of asbestos. "Property damage" also includes any claim for reduction in value of real estate or personal property due to its contamination with asbestos in any form at any time.

b. Any loss, cost, or expense arising out of or in any way related to any request, demand, order, or statutory or regulatory requirement that any insured or others identify, sample, test for, detect, monitor, clean up, remove, contain, treat, detoxify, neutralize, abate, dispose of, mitigate, destroy, or any way respond to or assess the presence of, or the effects of, asbestos.

. . . .

f. Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with any of the paragraphs above.

6

g. Any obligation to share damages or repay someone in connection with any of the paragraphs above.

¶19 We examine each of the plaintiff-buyers' arguments in turn.

¶20 The plaintiff-buyers assert that the asbestos exclusion is ambiguous; American Family asserts it is not. The plaintiff-buyers contend that because asbestos has a variety of forms and meanings and that because the word "asbestos" is undefined in the policy, the exclusion is ambiguous. We are not persuaded.

¶21 In the absence of other language in the policy, and there is none, a reasonable person in the position of the insured would not interpret the word "asbestos" to limit the clause to certain types of asbestos. To a reasonable insured reading this policy, asbestos in any form is asbestos.

¶22 The plaintiff-buyers assert that the broad language of the asbestos exclusion invites multiple reasonable interpretations and should be narrowly construed against American Family.[10]

¶23 The opening sentence of the exclusion informs the insured that it excludes coverage for "any loss arising out of" exposure to or the use of asbestos. We agree with the plaintiff-buyers that the words "arising out of" in the

---

[10] "Language in an insurance policy is ambiguous 'if it is susceptible to more than one reasonable interpretation.'" State Farm Mut. Auto. Ins. Co. v. Langridge, 2004 WI 113, ¶15, 275 Wis. 2d 35, 683 N.W.2d 75 (emphasis in original; citations omitted).

7

exclusion are very broad, general, and comprehensive. But they do have meaning and there are limits.[11]

¶24 The words "arising out of" used in an automobile liability insurance policy "are commonly understood to mean originating from, growing out of, or flowing from, and require that there be some causal relationship between the injury and the risk for which coverage is provided."[12]

¶25 The plaintiff-buyers maintain that there is a causal nexus requirement in the American Family policy's asbestos exclusion, and that this causal nexus should not be read out of the exclusion. We agree with the plaintiff-buyers that the wording of the exclusion indicates a causal relationship between the loss and the asbestos. The exclusion applies to loss "arising out of, resulting from, caused by, or contributed to in whole or in part by asbestos" (emphasis added). Explicit in all of those terms is the requirement of some type of causal

---

[11] The plaintiff-buyers assert that a broad reading of the asbestos exclusion excluding any loss caused "in whole or in part" by asbestos would potentially permit the mere presence of asbestos to preclude coverage of a loss caused by a source other than asbestos, such as flood, fire, or wind. We do not address this hypothetical. The loss in the instant case arose "in whole" out of asbestos.

[12] Lawver v. Boling, 71 Wis. 2d 408, 415, 238 N.W.2d 514 (1976). See also Garriguenc v. Love, 67 Wis. 2d 130, 137, 226 N.W.2d 414 (1975).

8

relationship between asbestos and the loss.[13]   In the present case, a causal nexus exists between the loss claimed and the asbestos; the loss here arose out of the dispersal of asbestos throughout the building.

¶26 The plaintiff-buyers point out that because the exclusion does not explicitly state that it applies to losses that arise out of the "dispersal" or "presence" of asbestos, the exclusion should not be interpreted as applying to the instant case in which there was the mere presence of asbestos and the accidental dispersal of asbestos.

¶27 The plaintiff-buyers insist that a more reasonable interpretation of the asbestos exclusion in the American Family policy is to limit the exclusion to loss caused by "exposure to" or "use of" asbestos.   For support of this argument, the plaintiff-buyers rely on Great American Restoration Services., Inc. v. Scottsdale Insurance Co., 78 A.D.3d 773 (N.Y. App. Div. 2010), a New York case.

¶28 In Great American, as in the instant case, a contractor caused the accidental dispersal of asbestos throughout a building.   But we agree with the circuit court and court of appeals that Great American is not persuasive

---

[13] See, e.g., Lawver, 71 Wis. 2d at 415 (noting that the words "arising out of" require "some causal relationship between the injury and the risk for which coverage is provided," although the causal connection in an automobile liability insurance policy between the use of the car and the injuries is not of the type "which would ordinarily be necessary to warrant a finding of 'proximate cause' or 'substantial factor' as those terms are used in imposing liability for negligent conduct.").

authority. The exclusion provision in Great American differs significantly from the exclusion provision in the present case.

¶29 The asbestos exclusion at issue in Great American enumerated asbestos-related bodily injury and property damage, which were excluded from coverage as follows:

> [T]hat coverage does not apply to "bodily injury" or "property damage" arising out of the inhal[ation]" or "prolonged physical exposure to" asbestos, the "use" of asbestos in construction, the "removal" of asbestos from products or structures, or the "manufacture, sale, transportation, storage, or disposal" of asbestos or products containing asbestos.[14]

¶30 Because the exclusion clause in Great American failed to state that "coverage will not be provided for damages arising out of the unknowing or accidental release or dispersal of asbestos," the New York Court of Appeals construed the exclusion in favor of the insured. Great American, 78 A.D.3d at 777.

¶31 The exclusion provision in Great American is crucially different from the exclusion provision in the instant case. Unlike the exclusion in Great American, American Family's asbestos exclusion is written in broad, comprehensive language including a wider range of asbestos-related losses than the exclusion in Great American.

¶32 The plaintiff-buyers assert, among other claims, that they never would have bought the property and suffered the loss but for the defendant-sellers' negligent failure to disclose the possibility of asbestos. They contend that the defendant-

---

[14] Great Am. Restoration Servs., Inc. v. Scottsdale Ins. Co., 78 A.D.3d 773, 775 (N.Y. App. Div. 2010).

sellers' negligent failure to disclose the presence of asbestos is not covered by the asbestos exclusion and that there is no causal nexus between their loss and the tort.

¶33 Yet, the scope of the asbestos exclusion does not depend on the type of tort from which the loss arose; the exclusion's language concerns the loss itself arising out of asbestos. Our analysis focuses on whether the loss suffered by the plaintiff-buyers is within the text of the asbestos exclusion and thus reasonably contemplated by the parties.

¶34 The plaintiff-buyers also assert that the defendant-sellers negligently failed to disclose defective conditions or any other toxic or hazardous substances contained on the property that are outside the scope of the asbestos exclusion and are covered under the insurance policy. Although the plaintiff-buyers had complaints regarding electrical and plumbing issues, nothing in the record demonstrates that the plaintiff-buyers sustained any loss related to such other issues. Their loss arose from asbestos.

¶35 In sum, we are persuaded that a reasonable insured would interpret the asbestos exclusion in American Family's policy to preclude the loss alleged by the plaintiff-buyers.[15]

¶36 For the foregoing reasons, we affirm the decision of the court of appeals.

---

[15] Because the asbestos exclusion precludes coverage of the claims made by the plaintiff-buyers, we need not evaluate whether any other exclusions in the policy apply.

11

¶37 *By the Court.*——The decision of the court of appeals is affirmed.

¶38 DAVID T. PROSSER, J., did not participate.