WALGREEN Co., Plaintiff-Appellant,

v.

CITY OF OSHKOSH, Defendant-Respondent.

Court of Appeals

*No. 2013AP1610. Submitted on briefs January 30, 2014.*
*—Decided April 2, 2014.*

2014 WI App 54

(Also reported in 848 N.W.2d 314.)

18

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Don M. Millis* of *Reinhart Boerner Van Deuren, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Bree A. Madison* of *Silton Seifert Carlson, S.C.*, Appleton.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J.   This appeal is another in a series of property tax assessment cases where the property owner did not file an objection to its assessments as required by statute, but argues that notice of objection was not necessary to proceed with its claim for a tax refund. Our case law provides a narrow exception to strict compliance with Wis. Stat. § 70.47(7) (2011–12)[1] where two factors are present:   (1) the previous year's assessment is under challenge at the time of the first

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

meeting of the board of review (BOR) for the current assessment year and (2) the current year's assessment is the same as the previous year's. The linchpin to the exception is the knowledge on the part of the taxing district that the assessment amount is still disputed, which excuses the need for another objection. As the record in this case is silent as to whether Walgreen Co.'s challenges to the prior year's assessments were pending as of the first meeting of the BOR for the assessment year relevant to this appeal, we must reverse and remand for findings of fact on this material issue.

## FACTS

¶ 2.  Walgreen has two stores in the City of Oshkosh:  one at 950 South Koeller Street (Koeller) and one at 315 West Murdock Avenue (Murdock). Walgreen has contested the City's assessments of its properties as excessive each year since 2007. Walgreen objected to the 2010 assessments of $2,700,000 for the Murdock property and $3,074,000 for the Koeller property per Wis. Stat. § 70.47(7), and subsequently filed a claim for excessive assessments with the City. The City did not grant relief to Walgreen for the 2010 assessments. The record is silent as to the resolution or current status of the 2010 objections.[2]

¶ 3.  In 2011, the City assessed Walgreen's properties at the same amounts of $2,700,000 (Murdock) and $3,074,000 (Koeller). Walgreen failed to give forty-

----

[2] The City asserted in its brief supporting its motion for summary judgment that Walgreen sued over the 2010 assessments, but provided no support for this assertion in the record or evidence as to the status of any lawsuit. Walgreen stated in its brief that when it filed its claim regarding the 2011 assessments "the 2010 assessments were already being challenged," but did not provide any additional documentation.

eight-hour notice of its objections to these 2011 assessments to the City's BOR as required by Wis. Stat. § 70.47(7)(a), and the board refused to hear Walgreen's objection. Walgreen filed a notice of claim with the City on January 27, 2012, alleging the 2011 assessments were excessive. The City took no action on Walgreen's claim and did not notify Walgreen by registered or certified mail that the claim had been deemed disallowed. Walgreen commenced this action on July 27, 2012. The circuit court dismissed Walgreen's claim for failure to timely object under § 70.47(7), thereby granting the City's motion for summary judgment. Walgreen appeals.

## STANDARD OF REVIEW

¶ 4.  We review a grant of summary judgment de novo, using the same methodology of the circuit court. *Phillips v. Parmelee*, 2013 WI 105, ¶ 16, 351 Wis. 2d 758, 840 N.W.2d 713. We affirm if the record demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

## DISCUSSION

¶ 5.  Before addressing the merits of Walgreen's appeal, we briefly examine assessments and the statutory requirements necessary to challenge an assessment as excessive.

### *Assessment*

¶ 6.  Assessment of property is a creature of the legislature and all laws pertaining to property tax assessments and tax collection are enacted by the

legislature. There are two basic components to any property tax: the base and the rate. WISCONSIN DEP'T OF REVENUE DIV. OF STATE & LOCAL FIN., 2014 GUIDE FOR PROP. OWNERS 1 (Jan. 2014). The base is the value (i.e., assessment) of all taxable property in a taxing district, and the rate is calculated so as to raise certain amounts of money from the property tax as determined by the various budgets enacted by the taxing districts. *Id.* Assessed values distribute the tax burden among individual property owners. *Id.* at 2.

¶ 7. An assessment is the value placed upon property each year by the assessor. *See* WIS. STAT. §§ 70.10, 70.32. The assessment of real property must be based upon the market value of property as of January 1, "at the full value which could ordinarily be obtained . . . at private sale." Secs. 70.10, 70.32(1). Each year's assessment is, therefore, a "new" assessment. While the effective date of assessment is January 1, the assessor normally does not complete the assessment until March or April of each year, when the assessor's affidavit is signed and attached to the assessment roll and turned over to the BOR as required by law. WIS. STAT. §§ 70.10, 70.49. "Open book" refers to the period of time before the first meeting of the BOR when the completed assessment roll is open for examination. The municipal clerk must publish or post a notice specifying the open book date(s) at least fifteen days before the first day the assessment roll is open for examination. WIS. STAT. § 70.45.

■

¶ 8. If an assessment does not change from one year to the next, the taxing district is under no obligation to give individual notice of the "new" assessment to a property owner. *See* WIS. STAT. § 70.365. If, however, an assessor changes the assessment of any real property by any amount, the owner must be notified of the

amount of the changed assessment and the time, date, and place of the meeting of the BOR. *Id.* Failure by the taxing district to give notice of a changed assessment does not affect the validity of the changed assessment, but it does affect a property owner's appeal rights. *Reese v. City of Pewaukee*, 2002 WI App 67, ¶ 6, 252 Wis. 2d 361, 642 N.W.2d 596. The notice of a changed assessment must be in writing and mailed at least fifteen days prior to the first meeting of the BOR. Sec. 70.365.

## Board of Review

¶ 9. The BOR is a legislatively created body whose duty is to correct any assessment errors. *See* WIS. STAT. §§ 70.46, 70.47(6). The BOR's function is not to value property but to decide the validity of the facts presented under oath to it. Sec. 70.47(8)-(10). The BOR is to meet at any time during the thirty-day period beginning with the second Monday in May. Sec. 70.47(1).

¶ 10. A property owner who objects to an assessment must provide the BOR's clerk with written or oral notice of an intent to file an objection at least forty-eight hours before the BOR's first scheduled meeting and must file a written objection (if not already filed) within the first two hours of that meeting. WIS. STAT. §§ 70.47(7). At the first meeting, the BOR schedules a hearing for each written objection that it received prior to the first meeting or during the meeting's first two hours. Sec. 70.47(3)(a)3. A hearing is thereafter held in which sworn testimony is taken and recorded followed by a roll call vote of the BOR as to whether the assessment is correct. Sec. 70.47(8), (9). A taxpayer may challenge a decision of the BOR by commencing an action under WIS. STAT. §§ 70.47(13), 70.85, or 74.37.

¶ 11. Taxpayers do not know the financial effect of their assessments until December when the tax bills are

mailed out. *See* Wis. Stat. § 74.09(5). Despite not knowing the financial effect of the assessment, a property owner must challenge the assessment before the BOR prior to bringing a claim for a tax refund based on the assessment challenge. If unsatisfied with the decision of the BOR, a taxpayer has three options:   filing a certiorari action within ninety days of receiving notice of the BOR's decision, Wis. Stat. § 70.47(13); filing for review by the department of revenue within thirty days of receiving notice of the BOR's decision, Wis. Stat. § 70.85(2); or seeking a de novo trial before the circuit court for an excessive assessment claim, Wis. Stat. § 74.37.

¶ 12.   A claim for excessive assessment under Wis. Stat. § 74.37 must be filed with the taxing district by January 31 and set forth all of the conditions found in § 74.37(2)(b), and the tax due must have been timely paid. An express condition of appealing an assessment under § 74.37 is compliance with the procedures for objecting to assessments under Wis. Stat. § 70.47, unless the taxing district failed to give notice of a changed assessment. Sec. 74.37(4)(a). A taxing district has ninety days after the § 74.37 claim for excessive assessment has been filed to either allow it or disallow it. Sec. 74.37(3)(b). If the taxing authority fails to act on the claim within ninety days, the claim is deemed disallowed. Sec. 74.37(3)(a). The taxing authority "shall notify the claimant by certified or registered mail whether the claim is allowed or disallowed within 90 days after the claim is filed." Sec. 74.37(3)(b). If the taxing authority disallows the claim, a claimant has ninety days after receiving notice of the disallowance to commence an action in circuit court. Sec. 74.37(3)(d).

24

*The General Rule:   Hermann*

¶ 13.   In *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 394, 572 N.W.2d 855 (1998), our supreme court held that properly filing an objection pursuant to Wis. Stat. § 70.47(7) is an express condition precedent to an action for excessive assessment. Walgreen acknowledges that it did not timely file an objection to the 2011 assessments as required by § 70.47(7). *Hermann* standing alone would dictate affirmance of the circuit court's dismissal of Walgreen's challenge.

*The Exception:   Duesterbeck*

¶ 14.   Two years after *Hermann* was decided, however, we recognized a narrow exception in *Duesterbeck v. Town of Koshkonong*, 2000 WI App 6, 232 Wis. 2d 16, 605 N.W.2d 904 (1999). We are bound to follow this exception if it applies to the facts presented. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246 (1997).

¶ 15.   In *Duesterbeck*, the property owners challenged the taxes assessed against their real property for 1993 and 1994. *Duesterbeck*, 232 Wis. 2d 16, ¶ 1. The Duesterbeck plaintiffs complied with Wis. Stat. § 70.47(7) for their 1993 assessments but neglected to comply with § 70.47(7) in objecting to their 1994 assessments. *Duesterbeck*, 232 Wis. 2d 16, ¶ 6. The 1994 assessments were the same valuations as the 1993 assessments. *Id. Duesterbeck* acknowledged that *Hermann* concluded that Wis. Stat. chs. 70 and 74 created the "exclusive procedures" for a taxpayer to challenge the assessment of real property. *Duesterbeck*, 232 Wis. 2d 16, ¶ 14. But the *Duesterbeck* court nevertheless rationalized that a taxing authority's duty under Wis. Stat. § 70.365, which requires notice to the property owner of a change in assessment for real property,

and a property owner's obligation to give notice to the taxing authority of an objection under § 70.47(7) "work together" so as to call attention to each side's position on a property's valuation. *Duesterbeck*, 232 Wis. 2d 16, ¶ 22.

¶ 16. *Duesterbeck* concluded that "the sending of notice and the filing of an objection are closely linked in the legislative scheme" and held that a property owner who objected to the valuation set in the previous year has an obligation to object no greater than that which a taxing authority would have to send notice in the following year. *Id.*, ¶ 23. As the assessments in *Duesterbeck* did not change from 1993 to 1994, the town had no duty to send notice, and likewise the town needed no new notice of objection from the Duesterbeck plaintiffs before they could proceed with their claim. *Id.* The court thus concluded that a property owner is relieved from filing yet another objection prior to commencing an action when the taxing authority has been relieved by statute from sending notice. *Id.*

¶ 17. The *Duesterbeck* exception is based upon a theory of "notice." *Duesterbeck* explained that "[w]hen a valuation does not change from the year previous, the owner would have either objected to it previously, if he believed it was incorrect, or he would have acquiesced to it, if he did not dispute it." *Id.*, ¶ 22. We read *Duesterbeck* to hold that if the property's valuation remains under objection as of the first meeting of the BOR in the following year, the BOR is on notice that the property owner continues to object to the assessment and the property owner need not file a new Wis. Stat. § 70.47(7) objection to proceed with a claim on the next year's assessment. This comports with our recent conclusion in *Northbrook Wisconsin, LLC, v. City of*

26

*Niagara*, 2014 WI App 22, ¶ 23 n.5, 352 Wis. 2d 657, 843 N.W.2d 851, where the prior year's assessment was reduced after an "informal negotiation" between the taxpayer and the assessor, resulting in an assessment amount agreed to by the taxpayer. As the challenge to the assessment in the prior year was resolved well in advance of the first meeting of the BOR, Northbrook was required to comply with the § 70.47(7) objection procedures to bring a WIS. STAT. § 74.37 claim for the following year's assessment. *See Northbrook Wis.*, 352 Wis. 2d 657, ¶¶ 3–5, 25.

██

¶ 18.   As we see it, the *Duesterbeck* exception applies so as to absolve a property owner from complying with WIS. STAT. § 70.47(7)'s objection requirements:   (1) when the property owner has filed a procedurally correct § 70.47(7) objection to the property's assessment in the prior year, (2) when the assessment has not changed between the prior year and the current year, and (3) when the prior year's objection is still unresolved as of the date of the first meeting of the BOR for the current year's assessments. All three of these conditions are required to trigger *Duesterbeck*'s exception to providing notice through a timely objection to the BOR; otherwise, *Hermann* applies.

██

¶ 19.   The record before us reflects that Walgreen meets the first two conditions. Walgreen filed timely objections to its 2010 assessments and the 2011 assessments were for the same amounts as the previous year. The record provided to us, however, does not reflect the status of Walgreen's 2010 objections as of May 11, 2011, the date of the first scheduled meeting of the BOR to hear objections to the 2011 assessments. If Walgreen and the City reached a settlement on the 2010 assess-

ments prior to May 11, 2011,[3] then *Hermann* applies; if Walgreen did not appeal the BOR's decision on the 2010 assessments, then *Hermann* applies; if Walgreen did pursue an appeal of the BOR's decision on the 2010 assessments and that appeal was rejected and not appealed (and the appeal time has run) to the court of appeals, then *Hermann* applies; if the BOR has not yet completed the evidentiary hearing on the 2010 assessments under Wis. Stat. § 70.47(8) or has not rendered a decision under § 70.47(12) or if the 2010 objections were pending in the circuit court or court of appeals as of May 11, 2011, then *Duesterbeck* applies.

¶ 20. The City attempts to distinguish *Duesterbeck* by arguing that it applies only to pre-*Hermann* challenges for tax uniformity violations brought under Wis. Stat. § 893.80. As Walgreen brought its action for excessive assessments under Wis. Stat. § 74.37, the City argues that *Duesterbeck* does not apply. We disagree. *Duesterbeck*'s holding extends to "any suit that seeks to change the valuation assigned to a property." *Duesterbeck*, 232 Wis. 2d 16, ¶¶ 1, 11. *Duesterbeck* clearly applies—so long as Walgreen's objections to its 2010 assessments were still pending as of May 11, 2011.

¶ 21. We also reject the City's argument that Walgreen's action was not timely commenced. We review this question of law de novo. *Auvve v. Physicians*

---

[3] The City asserts in its brief-in-chief on appeal that the 2010 assessments were reached in a previous mediation between the parties. The source to which the City cites for this proposition, however, establishes that the mediation settled only the 2007 and 2008 assessments for one of Walgreen's properties. The City acknowledges that Walgreen subsequently objected to the 2010 assessments; thus, this dispositive issue remains unresolved in the record.

*Ins. Co. of Wis.*, 181 Wis. 2d 815, 821, 512 N.W.2d 216 (Ct. App. 1994). The City argues that Walgreen's action is barred pursuant to WIS. STAT. § 74.37(3)(d) as it was filed more than ninety days after Walgreen's claim for excessive assessments had been "deemed disallowed." The City is wrong. The City never gave written notice of disallowance as required by § 74.37(3)(b) and (d). A statutory limitation period does not commence once a claim is "deemed disallowed" under a statute that requires receipt of notice of the disallowance to trigger the limitation period. *See Linstrom v. Christianson*, 161 Wis. 2d 635, 640, 469 N.W.2d 189 (Ct. App. 1991). As Walgreen never received notice of the City's disallowance of its claim by certified or registered mail, as required by § 74.37(3)(b) and (d), the ninety-day limitation period was not triggered and this action was timely commenced. *See Coleman v. City of Milwaukee*, 107 Wis. 2d 528, 531, 319 N.W.2d 863 (1982).

¶ 22.  We reverse and remand this case to the circuit court with directions that the court resolve the issue of material fact regarding the status of the 2010 assessment objections as of May 11, 2011.

*By the Court.*—Order reversed and cause remanded with directions.