COURT OF APPEALS
DECISION
DATED AND FILED

December 7, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP2005**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV488

IN COURT OF APPEALS
DISTRICT III

MENARD, INC.,

PLAINTIFF-RESPONDENT,

V.

CITY OF HUDSON,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for St. Croix County: SCOTT J. NORDSTRAND, Judge. *Reversed in part and cause remanded with directions.*

Before Stark, P.J., Hruz and Gill, JJ.

¶1 STARK, P.J. Menard, Inc., filed this lawsuit challenging as excessive the City of Hudson's 2018 assessments of two parcels of real property owned by Menard. The City filed a motion for summary judgment, which the

circuit court denied in its entirety. The City later filed a second summary judgment motion, which the court granted in part. Specifically, the court granted the City summary judgment on Menard's excessive assessment claim and on its claim alleging a non-uniform tax assessment. The court denied the City's summary judgment motion on Menard's third claim, however, which sought a declaratory judgment that the assessed value of Menard's property should be $4,400,000, rather than $10,328,300, as determined by the City. The court remanded the matter to the City's Board of Review ("the Board") to conduct a hearing on Menard's objection to the 2018 assessments.

¶2      The City appeals, arguing that the circuit court erred by denying its first summary judgment motion. The City also argues that the court erred by denying its second summary judgment motion with respect to Menard's declaratory judgment claim and by remanding the matter to the Board for further proceedings. We agree that the court erred by denying the City's first summary judgment motion. Because Menard failed to appear at a hearing before the Board to present evidence in support of its objection to the 2018 assessments, it is barred from bringing a court action challenging those assessments as excessive. While Menard asserts that the Board violated Menard's right to due process by denying its requests to waive the hearing on its objection or, alternatively, to appear at the hearing by telephone, Menard did not file a certiorari action challenging the Board's denials of those requests. Menard cannot challenge the Board's procedural decisions on those issues in the present lawsuit.

¶3      We therefore reverse that portion of the circuit court's order denying the City summary judgment on Menard's declaratory judgment claim and remanding to the Board for a hearing on Menard's objection to the 2018

2

assessments. We remand this matter to the circuit court with directions that it dismiss Menard's declaratory judgment claim.

## BACKGROUND

¶4 Menard owns two adjoining parcels of real property in the City—Parcel 236-1975-03-000 ("the 000 Parcel") and Parcel 236-1975-02-010 ("the 010 Parcel").[1] On July 20, 2018, the City's assessor mailed Menard a notice of assessment stating that the assessed value of the 010 Parcel for the year 2018 was $8,004,000, which was an increase of $613,500 over the prior year. The reason given for the change was "[a]ddition." The notice of assessment for the 010 Parcel informed Menard that

> Board of Review will be August 6, 2018 from 10am – 12pm at City hall; BY APPOINTMENT ONLY. Please contact the clerk of the board of review … 48 HOURS prior to this date of your intent to appeal. All objection forms must be filled out prior to your scheduled appointment[.]

Menard asserts that it did not receive a 2018 notice of assessment for the 000 Parcel; however, it is undisputed that the assessed value of the 000 Parcel for 2018 was $2,324,300, which was the same as in 2017. Thus, the total assessed value for the two parcels in 2018 was $10,328,300.

¶5 Menard retained Paradigm Tax Group as its agent for purposes of objecting to the 2018 assessments of the 000 and 010 Parcels. On July 30, 2018,

---

[1] In its complaint, Menard asserted that it is the "tenant" on the two parcels in question and is responsible for paying property taxes on those parcels and prosecuting property tax disputes. On appeal, both parties assert that Menard "owns" the parcels in question. This discrepancy is not relevant to our resolution of this appeal.

Paradigm employee Debbie Pellegrino notified the City Clerk's office via email that Menard intended to object to the 2018 assessments of its property. Later that day, Pellegrino emailed Menard's written objection to the assessments to the City Clerk's office. Pellegrino also submitted to the City Clerk's office a form requesting a waiver of the hearing before the Board on Menard's objection. In her cover letter, Pellegrino explained that Menard "would like to waive the hearing … as there is a 2016 & 2017 appeal pending at Circuit Court." In the alternative, Pellegrino submitted a request to the City Clerk's office to appear at the hearing by telephone, citing distance from the hearing and the pending 2016 and 2017 appeals as grounds for that request.

¶6      Neither the City nor the Board responded to Menard's requests to waive the hearing on its objection to the 2018 assessments or to appear at the hearing by telephone. The Board proceedings commenced as scheduled on August 6, 2018. During the August 6 proceedings, the Board considered and denied both Menard's request to waive the hearing on its objection and its request to appear by telephone. The Interim City Clerk was in contact with Pellegrino by phone during the August 6 proceedings, and at 10:27 a.m., he informed Pellegrino by email that the Board was "standing by [its] motion to request testimony in person" and would adjourn at noon on August 6. Pellegrino—whose office is in Chicago—responded that it would be impossible "for us to get someone there with 1.5 hour[s'] notice."

¶7      As a result, Menard did not appear at the August 6 hearing before the Board. Because Menard did not appear, the Board did not hear or consider its objection to the 2018 assessments. Menard asserts—and the City does not dispute—that because the Board adjourned without considering Menard's objection, it failed to issue a notice of decision, as required by WIS. STAT.

4

§ 70.47(12) (2019-20).[2]  It is also undisputed that because the Board did not hear Menard's objection, the 2018 assessments remained as set by the City's assessor.

¶8    In December 2018, Menard filed a summons and complaint in the circuit court challenging the 2018 assessments of its property.   Menard's complaint asserted three claims for relief: (1) an excessive assessment claim under WIS. STAT. § 74.37; (2) a claim that the 2018 assessments violated the uniformity clause of the Wisconsin Constitution; and (3) a declaratory judgment claim, which sought a declaration that the combined 2018 assessment for Menard's parcels was $4,400,000, rather than $10,328,300, as determined by the City.  The declaratory judgment claim alleged that by "failing to provide Menard with fair notice and a reasonable opportunity to be heard at a hearing on this matter," the Board had "delegated its authority" to the circuit court to determine the property's assessed value.   The City answered Menard's complaint and asserted, as an affirmative defense, that Menard's claims were barred "for failure to comply with the procedures and time limits set forth in Chapters 70 and 74, Wisconsin Statutes."

¶9    The City subsequently moved for summary judgment, arguing that because Menard had failed to appear before the Board to present evidence in support of its objection to the 2018 assessments, it had failed to satisfy a condition precedent to filing a lawsuit seeking circuit court review of those assessments. Menard opposed the City's motion, arguing that it could maintain an action challenging the 2018 assessments because: (1) it complied with WIS. STAT.

_____

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

§ 70.47 by timely filing a written objection to the assessments with the City Clerk's office and by making a "good faith effort" to present evidence in support of its objection to the Board; (2) the Board violated Menard's right to due process by failing to provide timely notice prior to the hearing of its decisions to deny Menard's requests for a waiver of the hearing or, alternatively, to appear by telephone; and (3) even if Menard's excessive assessment claim was barred, Menard should still be allowed to pursue its uniformity clause and declaratory judgment claims.

¶10 The circuit court denied the City's summary judgment motion, concluding there was "insufficient evidence before the Court to determine that there are no issues of material fact." The court noted that it had "no record" as to how the Board had addressed Menard's requests to waive the hearing on its objection or to appear at the hearing by telephone. As a result, the court concluded summary judgment was inappropriate because it could not determine whether the Board's decisions denying those requests were "reasonable."

¶11 The City then filed a second summary judgment motion, in support of which it provided a transcript of the August 6, 2018 proceedings before the Board.[3] Menard again opposed the City's motion. The circuit court ultimately granted the City's second summary judgment motion with respect to Menard's excessive assessment claim and its uniformity clause claim, reasoning that Menard

---

[3] The City noted in its second summary judgment brief that it did not believe it was appropriate for the circuit court to consider the transcript of the Board's proceedings, as Menard had not sought certiorari review of the Board's decision. Nevertheless, the City stated that it was submitting the transcript because the court had previously ruled that it was unable to grant summary judgment in the City's favor without reviewing evidence as to the basis for the Board's denials of Menard's requests to waive the hearing on its objection to the 2018 assessments or to appear at the hearing by telephone.

could not pursue those claims because it had failed to appear at the hearing before the Board to present its objection to the 2018 assessments. The court denied summary judgment on Menard's declaratory judgment claim, however, concluding that the Board had violated Menard's right to due process by failing to address Menard's requests for hearing waiver and telephonic appearance until after the August 6 hearing had begun. The court stated that the matter "should be remanded back" to the Board, and it ordered the Board "to reconvene the hearing and to allow Menard[] to present its case on this objection in person." The City now appeals.

## DISCUSSION

¶12 We review a grant or denial of summary judgment independently, using the same methodology as the circuit court. *AccuWeb, Inc. v. Foley & Lardner*, 2008 WI 24, ¶16, 308 Wis. 2d 258, 746 N.W.2d 447. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶13 Here, we conclude the undisputed facts establish that the circuit court should have granted the City's first summary judgment motion and dismissed all three of Menard's claims. Menard first asserted an excessive assessment claim under WIS. STAT. § 74.37. No excessive assessment claim may

be brought under that statute "unless the procedures for objecting to assessments under s. 70.47 … have been complied with."[4]  Sec. 74.37(4)(a).

¶14    WISCONSIN STAT. § 70.47 sets forth the procedures for objecting to an assessment before a taxing authority's board of review.  As relevant here, the statute provides that subject to certain exceptions, "[t]he board of review may not hear an objection to the amount or valuation of property unless, at least 48 hours before the board's first scheduled meeting, the objector provides to the board's clerk written or oral notice of an intent to file an objection."  Sec. 70.47(7)(a).  A written objection must then be filed with the clerk "within the first 2 hours of the board's first scheduled meeting." *Id.*

> No person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all of that person's property liable to assessment in such district and the value thereof.

*Id.*

¶15    WISCONSIN STAT. § 70.47(8), in turn, provides that the board of review "shall hear upon oath all persons who appear before it in relation to the assessment."  Upon request, however, "[i]nstead of appearing in person at the hearing," the board "may allow" a property owner, or the owner's representative,

---

[4] The requirement that a taxpayer comply with the procedures for objecting to an assessment under WIS. STAT. § 70.47 before bringing an excessive assessment claim under WIS. STAT. § 74.37 "does not apply if notice under [WIS. STAT. §] 70.365 was not given."  Sec. 74.37(4)(a).  We address the notice required by § 70.365 below. *See infra*, ¶¶25-28.

"to appear before the board, under oath, by telephone or to submit written statements, under oath, to the board." Sec. 70.47(8). In addition, "[t]he board may, at the request of the taxpayer or assessor, or at its own discretion, waive the hearing of an objection under sub. (8)." Sec. 70.47(8m).

¶16 Thus, as a general matter, in order to challenge an assessment before the board of review, a taxpayer must give written or oral notice of its intent to file an objection to the assessment, and the taxpayer must subsequently file a written objection. WIS. STAT. § 70.47(7)(a). The taxpayer must then appear in person before the board and present evidence in good faith in support of the objection. Sec. 70.47(7)(a), (8). Although the board "may" waive the hearing on the taxpayer's objection or allow the taxpayer to appear at the hearing by telephone or submit written statements to the board, nothing in the statute requires the board to do so. Sec. 70.47(8), (8m); *see also* ***Liberty Grove Town Bd. v. Door Cnty. Bd. of Supervisors***, 2005 WI App 166, ¶10, 284 Wis. 2d 814, 702 N.W.2d 33 (noting that "[t]he use of the word 'may' in a statute implies discretionary authority"). Moreover, nothing in the statute requires the board to rule on a taxpayer's requests to appear by telephone, to submit written statements, or to waive the hearing within any particular time frame.

¶17 In this case, the undisputed facts establish that Menard timely filed its notice of intent to object to the City's 2018 assessments of the 010 and 000 Parcels, and Menard then timely filed a written objection to those assessments. The undisputed facts also establish, however, that Menard did not appear at the hearing before the Board to present evidence in support of its objection, despite never receiving any response to its earlier requests that the Board waive the hearing or allow Menard to appear by telephone. The Board was not required to grant those requests, and it is undisputed that the Board did, in fact,

9

deny them. Based on these undisputed facts, we agree with the City that Menard failed to fulfill a "condition precedent" to filing an excessive assessment claim under WIS. STAT. § 74.37. As such, the circuit court should have dismissed Menard's excessive assessment claim in response to the City's first summary judgment motion.

¶18 For the same reason, the circuit court also erred by failing to grant the City's first summary judgment motion on Menard's uniformity clause and declaratory judgment claims. As noted above, WIS. STAT. § 70.47(7)(a) provides that "[n]o person shall be allowed in any action or proceedings to question the amount or valuation of property unless … such person in good faith presented evidence to such board in support of such objections." Our supreme court has stated that this language "makes clear the legislature's intent to make an appeal before the board of review a condition precedent *to any and all taxpayer challenges to the value at which property has been assessed*." ***Hermann v. Town of Delavan***, 215 Wis. 2d 370, 382, 572 N.W.2d 855 (1998) (emphasis added). The ***Hermann*** court further stated that "[a] claim of overassessment, *regardless of the basis upon which it is grounded*, necessarily questions the valuation of real property assessed for taxation." ***Id.*** at 379 (emphasis added).

¶19 Accordingly, the ***Hermann*** court concluded that the circuit court in that case had properly dismissed the taxpayers' complaint, which asserted a violation of the uniformity clause, because the complaint failed to allege that the taxpayers had complied with the procedures set forth in WIS. STAT. § 70.47 for challenging their assessments before the board of review. ***Hermann***, 215 Wis. 2d at 376. The court explained that the taxpayers' claim, "although based on a uniformity clause challenge, is an action that inherently questions the valuation of certain property assessed for real property taxation." ***Id.*** at 378.

10

¶20     Like the taxpayers' uniformity clause claim in *Hermann*, Menard's uniformity clause and declaratory judgment claims in this case inherently questioned the valuation of Menard's property for purposes of real property taxation. The uniformity clause claim alleged, without any explanation, that the value of Menard's property as of January 1, 2018, "was no higher than $4,400,000," and that Menard was therefore entitled to a refund of a portion of the taxes it had paid for the year 2018. The declaratory judgment claim similarly asserted that the circuit court should reduce the assessed value of Menard's property from $10,328,300 to $4,400,000. In fact, Menard conceded in the circuit court that its declaratory judgment claim sought "a judicial determination of the subject property's correct assessed value." Thus, under *Hermann*, the court should have granted the City's first summary judgment motion on Menard's uniformity clause and declaratory judgment claims, based on Menard's undisputed failure to appear before the Board to present evidence in support of its objection to the 2018 assessments.

¶21     On appeal, Menard argues, for several reasons, that it either complied with the procedures set forth in WIS. STAT. § 70.47 for challenging its 2018 assessments before the Board, or that it was not required to comply with those procedures under the specific facts of this case. We reject each of these arguments.

¶22     First, Menard argues that it complied with the procedures set forth in WIS. STAT. § 70.47 because it "filed a timely written objection to the valuation of its property" and "made a good faith effort to present evidence to support its objection before the [Board]." There is no legal authority, however, supporting Menard's argument that a "good faith effort" to present evidence before a taxing authority's board of review is sufficient to fulfill the condition precedent of

compliance with the procedures set forth in § 70.47. As noted above, § 70.47(7)(a) provides that a taxpayer shall not be allowed to question the valuation of property unless a written objection has been filed and the taxpayer "in good faith presented evidence to [the] board in support of such objections." This language unambiguously requires a taxpayer to present evidence to the board "in good faith." The statute says nothing about the taxpayer making a "good faith effort" to present its evidence.

¶23 Menard also argues that under the plain language of the relevant statutory provisions, it was not required to appear *in person* before the Board. We disagree. WISCONSIN STAT. § 70.47(7)(a) requires a taxpayer to file an objection and present evidence to the board of review in support of that objection. Section 70.47(8) provides that the board "shall hear upon oath all persons who appear before it in relation to the assessment." Subsection (8) then states that "*[i]nstead of appearing in person at the hearing*," the board may allow a taxpayer to appear by telephone or to submit written statements to the board. Sec. 70.47(8) (emphasis added). Alternatively, the board has discretion to waive the hearing under § 70.47(8m).

¶24 The only reasonable interpretation of these statutory provisions is that a taxpayer is required to appear in person before the board of review to present evidence under oath in support of its objection to an assessment, unless the board instead waives the hearing or permits the taxpayer to appear by telephone or to submit written statements. Here, Menard asked the Board to either waive the hearing on its objection to the 2018 assessments or to allow Menard to appear by telephone, but the Board never granted those requests before the hearing, and during the hearing it expressly denied those requests. Under the relevant statutes,

Menard was therefore required to appear in person before the Board to present evidence in support of its objection.

¶25    Menard next contends that it was not required to appear at the hearing before the Board because the City failed to provide Menard with a notice of change in assessment for each parcel that satisfied WIS. STAT. § 70.365. The requirement that a taxpayer comply with the procedures for objecting to an assessment under WIS. STAT. § 70.47 before bringing an excessive assessment claim under WIS. STAT. § 74.37 "does not apply if notice under s. 70.365 was not given." Sec. 74.37(4)(a). Under § 70.365, an assessor must notify a taxpayer "[w]hen the assessor assesses any taxable real property … and arrives at a different total than the assessment of it for the previous year." "The notice shall contain the amount of the changed assessment and the time, date, and place of the meeting of the local board of review or of the board of assessors." Sec. 70.365.

¶26    Menard asserts that the City failed to comply with WIS. STAT. § 70.365 because it did not provide Menard with a 2018 notice of assessment for the 000 Parcel. It is undisputed, however, that the assessed value of the 000 Parcel for 2018 remained the same as in 2017. "Section 70.365 clearly and unambiguously requires a notice of assessment to be sent only when a property's assessed value differs from the previous year's assessment." *Northbrook Wis., LLC v. City of Niagara*, 2014 WI App 22, ¶18, 352 Wis. 2d 657, 843 N.W.2d 851. Thus, the City was not required to provide a 2018 notice of assessment for the 000 Parcel.

¶27    Menard concedes that the City provided it with a 2018 notice of assessment for the 010 Parcel, which stated that the parcel's assessed value had increased by $613,500 since the prior year. Nevertheless, Menard asserts that the

notice regarding the 010 Parcel was deficient because it "falsely stated that Menard could appear before the [Board] by appointment only," and Menard "was never given [an] appointment despite contacting the clerk and filing an objection on both parcels."

¶28    We do not agree that the notice of assessment for the 010 Parcel was deficient.  As required by WIS. STAT. § 70.365, the notice informed Menard of the amount of the changed assessment, and of the time, date, and place of the Board's meeting—i.e., "August 6, 2018 from 10am – 12pm at City hall."  We reject Menard's argument that the notice was insufficient because it did not provide a specific time during the two-hour window between 10:00 a.m. and 12:00 p.m. when Menard was required to appear.  Menard does not assert that the notice left it confused about when to appear, nor does Menard cite any evidence that it contacted the City to make an appointment or to inquire about the necessity of doing so.  Menard also does not allege that the Board's refusal to hear Menard's objection during the August 6 hearing was the result of Menard's lack of an appointment.  Moreover, in its summary judgment briefing in the circuit court, Menard expressly conceded that it had notice of the August 6, 2018 hearing.  On these facts, we cannot conclude that the notice of assessment Menard received regarding the 010 Parcel was insufficient.

¶29    Citing *Duesterbeck v. Town of Koshkonong*, 2000 WI App 6, 232 Wis. 2d 16, 605 N.W.2d 904 (1999), Menard also contends that it was not required to appear before the Board because the City and Menard were engaged in litigation regarding the valuation of Menard's property for the 2016 and 2017 tax years, and they were therefore "well aware of each other's opinions as to the valuation of Menard's property."  In *Duesterbeck*, a group of taxpayers filed a lawsuit challenging the 1993 and 1994 assessments of their properties.  *Id.*, ¶1.

14

The Town of Koshkonong argued that the taxpayers had not "taken the procedural steps required to make a claim based on their 1994 assessments because they did not object to those assessments according to the provisions of [WIS. STAT.] § 70.47(7)." *Duesterbeck*, 232 Wis. 2d 16, ¶17. We rejected the Town's argument, on the grounds that the taxpayers had already objected to their assessments as required by § 70.47(7) in 1993. *Duesterbeck*, 232 Wis. 2d 16, ¶¶18-19, 23. We held that when a landowner "has already objected to the board about the valuation set in the year immediately previous … such a property owner is relieved from filing yet another objection, prior to commencing an action." *Id.*, ¶23.

¶30 *Duesterbeck* is distinguishable because the taxpayers' assessments in that case had not changed between 1993 and 1994. Here, in contrast, it is undisputed that the combined assessment for Menard's property increased by $613,500 from 2017 to 2018. Under these circumstances, Menard's prior objections to the 2016 and 2017 assessments did not obviate the need for Menard to appear before the Board to challenge the 2018 assessment, as required by WIS. STAT. § 70.47(7). *See Walgreen Co. v. City of Oshkosh*, 2014 WI App 54, ¶18, 354 Wis. 2d 17, 848 N.W.2d 314 (noting that the *Duesterbeck* exception to compliance with § 70.47(7) applies when, among other things, "the assessment has not changed between the prior year and the current year").

¶31 Menard next asserts that if a taxpayer requests leave to present its evidence to the board of review by telephone under WIS. STAT. § 70.47(8), it is "axiomatic that the telephone hearing request should be approved or denied by the board … within enough time to provide sufficient notice for the taxpayer to make appropriate arrangements to appear in person." Similarly, Menard contends that when a taxpayer requests waiver of a board of review hearing under § 70.47(8m),

the taxpayer should be given "sufficient notice … that the request for a waiver was denied prior to being required to attend the hearing." We reject these arguments because nothing in the plain language of § 70.47(8) or (8m) requires a board of review to address a taxpayer's requests for hearing waiver or telephonic appearance within a particular time frame. Unlike Menard, we do not deem it to be absurd or unreasonable to expect that a taxpayer, having failed to receive a response to its requests to waive the board of review hearing or appear by telephone, would understand that it needed to appear in person at the scheduled hearing.[5]

¶32 The circuit court denied the City's first summary judgment motion on the grounds that the City had failed to present sufficient evidence as to how the Board addressed Menard's hearing waiver request and its alternative request to appear by telephone. As a result, the court stated it could not determine whether the Board's decisions denying those requests were "reasonable." Menard argues that the court's decision regarding the necessity of additional evidence was correct because Menard's claims, "in part, rested on the City's failure to provide it sufficient notice to appear at the [Board] hearing," and the declaratory judgment claim specifically sought relief "because the City failed to provide Menard with fair notice and a reasonable opportunity to be heard at the … hearing."

---

[5] Menard asserts, without a supporting citation to the appellate record, that the Board "previously waived the hearing in 2017." We need not consider factual allegations that are unsupported by citations to the record. *Tam v. Luk*, 154 Wis. 2d 282, 291 n.5, 453 N.W.2d 158 (Ct. App. 1990). Regardless, we reject the notion that Menard could simply assume, based on the Board's prior waiver of the hearing in 2017, that the Board would similarly grant Menard's request to waive the hearing in 2018.

¶33 As the City correctly notes, however, Menard did not seek certiorari review of the Board's decisions denying Menard's hearing waiver request and its alternative request to appear by telephone. "Certiorari is a mechanism by which a court may test the validity of a decision rendered by a municipality, an administrative agency, or an inferior tribunal." *Ottman v. Town of Primrose*, 2011 WI 18, ¶34, 332 Wis. 2d 3, 796 N.W.2d 411. "The scope of certiorari extends to questions of jurisdiction, power and authority of the inferior tribunal to do the action complained of as well as questions relating to the irregularity of the proceedings." *Acevedo v. City of Kenosha*, 2011 WI App 10, ¶8, 331 Wis. 2d 218, 793 N.W.2d 500 (2010). A writ of certiorari "must go to the board or body whose acts are to be reviewed, otherwise the court cannot obtain jurisdiction either of the subject matter or the persons composing the board." *Id.*, ¶17. We agree with the City that because Menard did not file a certiorari action against the Board, the circuit court lacked jurisdiction or competency to review the Board's procedural decisions denying Menard's hearing waiver request and its alternative request to appear by telephone.[6]

¶34 Menard asserts that it could not seek certiorari review because the Board never issued a notice of decision under WIS. STAT. § 70.47(12). That subsection provides, in relevant part: "Prior to final adjournment, the board of review shall provide the objector … notice by personal delivery or by mail, return

---

[6] We stated in *Acevedo v. City of Kenosha*, 2011 WI App 10, ¶17, 331 Wis. 2d 218, 793 N.W.2d 500 (2010), that a writ of certiorari against the board or body whose acts are to be reviewed is necessary for the circuit court to obtain either personal or subject matter jurisdiction. However, our supreme court has since reiterated that a circuit court "is never without subject matter jurisdiction." *City of Eau Claire v. Booth*, 2016 WI 65, ¶12, 370 Wis. 2d 595, 882 N.W.2d 738 (citation omitted). We therefore construe *Acevedo* as holding that without a writ of certiorari against the inferior tribunal in question, a circuit court is not competent to exercise its subject matter jurisdiction to review the tribunal's decision. *See Booth*, 370 Wis. 2d 595, ¶7.

receipt required, of the amount of the assessment as finalized by the board and an explanation of appeal rights and procedures under sub. (13)." Sec. 70.47(12). Section 70.47(13), in turn, states: "Except as provided in [WIS. STAT. §] 70.85, appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice under sub. (12)."[7]

¶35     We agree with Menard that because the Board never issued a notice of decision under WIS. STAT. § 70.47(12), Menard could not seek certiorari review under § 70.47(13) of the Board's ultimate decision regarding the amount of Menard's 2018 assessments.   Nevertheless, we conclude Menard could have brought a common law certiorari action challenging the Board's procedural decisions denying its requests to waive the hearing before the Board or, alternatively, to appear by telephone.  As noted above, certiorari provides a means of challenging the procedures employed by an inferior tribunal.  *Acevedo*, 331 Wis. 2d 218, ¶8.  "Common law certiorari is available whenever there is no express statutory method of review." *Ottman*, 332 Wis. 2d 3, ¶35.  Here, there is no express statutory method of review for a board of review's procedural decisions, under circumstances where the board declined to hear a taxpayer's objection and therefore did not issue a notice of decision under § 70.47(12).  As such, a common law certiorari claim would have been the appropriate means for

---

[7] WISCONSIN STAT. § 70.85 allows a taxpayer to file a written complaint asking the Wisconsin Department of Revenue to review an assessment.  *See* § 70.85(1).  As with an excessive assessment claim under WIS. STAT. § 74.37, however, a taxpayer may file a complaint under § 70.85 only "if the taxpayer has contested the assessment of the property for that year under s. 70.47."  Sec. 70.85(2).

Menard to challenge the Board's procedural decisions denying its request for hearing waiver and its alternative request to appear by telephone.

¶36    In summary, we conclude that the circuit court erred by denying the City's first summary judgment motion because the undisputed facts show that Menard failed to appear before the Board to present evidence in support of its objection to the 2018 assessments of its property. As a result, Menard failed to fulfill a condition precedent to challenging its 2018 assessments as excessive in court, and the City was therefore entitled to a judgment in its favor as a matter of law. Accordingly, we reverse that portion of the circuit court's order that denied the City summary judgment on Menard's declaratory judgment claim and that remanded the matter to the Board for a hearing on Menard's objection. We remand for the court to dismiss Menard's declaratory judgment claim.[8]

*By the Court.*—Order reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.

---

[8] Because we conclude the circuit court erred by denying the City's first summary judgment motion, we need not address the City's alternative argument that the court erred by denying its second summary judgment motion with respect to Menard's declaratory judgment claim. *See **Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

In addition, we observe that Menard argues the circuit court erred by granting the City's second summary judgment motion on its excessive assessment and uniformity clause claims. Those arguments are not properly before us, however, as Menard has not filed a notice of cross-appeal. A respondent must file a notice of cross-appeal in order to challenge the judgment or order at issue on appeal. WIS. STAT. RULE 809.10(2)(b).